### LONGMONT SUPPLY DITCH CO. V. COFFMAN.

Where the uncontradicted evidence shows that claims against a corporation were approved by a majority of the board of directors, acting separately, in accordance with a customary usage, this must be held, as a matter of law, to constitute a sufficient approval in the absence of any law or by-law restricting the directors to a different mode.

*Error to District Court of Boulder County.*

THIS was an action by the Longmont Supply Ditch Company against Enoch J. Coffman, to recover the value

of stock, and a sum of money alleged to have been fraudulently appropriated by defendant while acting as plaintiff's secretary and treasurer. There was a verdict and judgment for defendant, and plaintiff brings error.

Messrs. DOLLOFF and RITTENHOUSE, for plaintiff in error.

Mr. J. T. KIME, for defendant in error.

DE FRANCE, C. The plaintiff in error, a corporation, was plaintiff below, and brought this action in the county court of Boulder county against the defendant, Coffman, where judgment was rendered against the defendant. The case was appealed by him to the district court of said county, where a trial to a jury was had, and a verdict returned, and judgment rendered for defendant. The case is brought here by writ of error.

The defendant was secretary and treasurer of the plaintiff from March, 1881, until April, 1884, and was also one of its directors. The corporation had but three directors. Prior to the period above named it had adopted certain by-laws, which were in force during such period, and among which were the following sections: "Section 3. The secretary shall keep a record of all meetings of the company and of the directors. He. shall collect all moneys due the company by assessment or otherwise, and pay the same into the treasury. He shall be the custodian of the books and papers of the company, and shall countersign all orders and certificates of stock. Sec. 4. The treasurer shall receive all moneys of the company, keep a correct account of the same, and pay them out only upon orders of the president, countersigned by the secretary." "Sec. 7. No officer of the company shall receive any compensation for services, except for time and labor actually spent for the benefit of the company, and then not to exceed $2 per day, and to be audited and allowed by the board of directors." The complaint charges

the defendant with having wrongfully and fraudulently appropriated certain stock and money of the plaintiff to his own use while such secretary and treasurer, and seeks by the action to recover the value of such stock, and the amount of money so appropriated. The wrong complained of consisted, as is alleged, in the defendant's crediting himself on the books of the plaintiff with certain claims of his own against it, and in applying such stock and money in payment thereof, without such claims being regularly audited and allowed by the corporation. By his answer the defendant denied all wrong in the premises, and averred the justice of these several claims, and also averred that the same had been audited and allowed according to the usual practice of the directors in such cases. The evidence shows that such claims were not audited or passed upon at any regular meeting of the board of directors, but that they had been approved by a majority of the directors, acting separately, and that it had become a practice of the directors to allow and approve bills in that way. There were three separate claims of the defendant so alleged to have been paid by him, and three separate causes of action stated in the complaint, corresponding therewith. Three instructions were asked by the plaintiff, one relating to each cause of action, based solely upon the proposition that the plaintiff was entitled to recover, unless such claims had been audited and allowed by the board of directors. If it be assumed that these instructions each stated correctly an abstract legal principle, yet, in view of the facts, there was nothing upon which to predicate their announcement. The court was justified in assuming as facts those things which were clearly established by evidence, and upon which there was absolutely no conflicting testimony. To have given the instructions would have tended to mislead the jury, by inviting their attention to something that was practically out of the case. The claims of officers of a corporation against it should, before they are

paid, be approved, and their payment authorized by the corporation. *Railroad Co. v. Wood*, 61 N. H. 418. But what constitutes a sufficient auditing and allowance of a claim is a question of law for the court. The evidence, without any conflict therein, shows that these claims were approved by a majority of the board of directors, in accordance with a customary usage of such board in such cases; and this must be held to constitute a sufficient approval, in the absence of any law or by-law restricting the directors to a different mode. *Bank v. Railway Co.* 30 Vt. 159. The by-laws of plaintiff do not designate the manner in which claims shall be audited and allowed. The instructions were properly refused. For the same reasons, there was no error in the instruction given which states the law concerning the controversy over the justice of defendant's claims. It states the law correctly, and, while it ignores the question of the approval of such claims, yet the court was justified under the evidence in assuming such approval, and in taking that question from the jury. As there was no fraud shown by the testimony, the instruction given relating to fraud had no tendency to prejudice the plaintiff. The jury found by their verdict that the claims of the defendant were just, and, while the evidence is somewhat conflicting, yet we think it fully sustains the verdict. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*