[No. 5499.]
[No. 3169 C. A.]

## BINGEL ET AL. v. BROWN.

1.  **Corporations—Contract—Directors—Ratification.**

Where a corporation, after the execution of a contract by all its directors, with knowledge of the facts, ratified and acknowledged the existence and binding force of the contract, and knowingly received the benefits of the work done thereunder, the corporation is as much bound as though the contract had been previously authorized.—P. 283.

2.  **Same—Failure to File Annual Statement—Liability of Directors—Evidence.**

After plaintiffs had performed a contract with defendant corporation, they filed a mechanic's lien for the balance due, and then secured from three of the five directors of the corporation a written statement that the work for which the lien had been

filed was all done for the corporation on its property, and that the corporation was liable for the whole amount thereof, the directors signing being the corporation's president, the director having general supervision of the construction work, and the engineer on whose estimates payments by the corporation were made. Held, that such directors, in signing the statement, were acting within the scope of their authority as the authorized agents of the corporation, and that the statement, and with it the mechanic's lien statement to which it referred, were admissible to establish the existence of the debt against the corporation in an action by plaintiffs to enforce such debt against a director because of the corporation's failure to file required annual reports.—P. 284.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by Detrick E. Bingel and Albert Hill, copartners as Bingel & Hill, against William G. Brown. From a judgment for defendant, plaintiffs appeal.        *Reversed and remanded.*

Mr. Elbert C. Smith, for appellants.

Mr. Charles D. Todd and Mr. H. Riddell, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

This is an action to enforce a penalty imposed by statute upon a director of a domestic private corporation for its failure to file certain required annual reports. The trial was to the jury, and at its close the court, on motion of defendant, instructed the jury to return a verdict for him on the ground that the evidence was not sufficient to sustain a verdict for plaintiffs. On the verdict of the jury returned in obedience to such instruction, judgment was entered dismissing the action, from which the plaintiffs have appealed.

We shall consider only the rulings of the court rejecting evidence offered by plaintiffs and in directing a verdict.

The complaint alleges that plaintiffs entered into a contract with The Western Drainage and Water Supply Company, of which defendant was a director, whereby they agreed to build a portion of an irrigating ditch for the corporation, which they did in accordance with its terms, for which work there is a balance due them of over $1,400, which was not paid. The defendant denied that the corporation ever made such a contract with plaintiffs, but said that, if it did, full payment for the work which they did under it had been made. Other defenses in the answer are not important here. The principal controversy at the trial was concerning the extent of the work done under the contract, the plaintiffs claiming that they were to begin at a point on the line of the ditch which the construction engineer of the corporation should designate, and stop work whenever they were told by him to quit; defendant claiming that the work was to stop at the east line of section 16. In support of both claims there was evidence.

The evidence is also entirely clear that the contract, which is neither *malum in se* nor *prohibitum*, was authorized and entered into by a majority of the company's board of directors; but if there is any doubt about their authority in the first instance, the corporation subsequently, by all of the directors, with full knowledge of the facts, ratified and acknowledged the existence and binding force of the contract and knowingly received the benefits of plaintiffs' work thereunder.

There was testimony for plaintiffs that the construction engineer Robinson and Mr. Currier, both of whom were directors and had immediate supervision of the work for the corporation, did not tell

plaintiffs to stop work until some time after they had reached a point on the ditch east of section 16; and there was also evidence that the engineer, upon whose estimate payments were made, told one of the plaintiffs that after the work had fully been completed, the balance due them from the company was the amount for which this suit was brought. No action has been instituted, or judgment recovered, against the corporation for the balance alleged to be due plaintiffs on this work; but plaintiffs, as they might, sought herein to prove an existing debt of the corporation, which, under the statute, was a condition precedent to a recovery against a director. Before this action against the director was brought, plaintiffs filed a mechanic's lien for the balance due, and after the lien statement was filed plaintiffs secured from three of the five directors of the company a written statement that the work done by them on the ditch, for which the lien had been filed, was all done for their company and on its ditch and the company was liable for the whole amount thereof.

At the trial plaintiffs offered this written statement together with a copy of the lien claim as evidence of a valid debt against the corporation; but the court, on defendant's objection, excluded them, and this ruling is assigned as error.

The objection to the written statement signed by the directors seems to have been based upon the fact that in making this admission they were acting individually and not as a board, and that the claim for a lien was merely self-serving. We think the ruling was wrong and prejudicial to plaintiffs. It is true that in order to bind a corporation the directors must act as a board and not individually; but the evidence here shows that of the three directors who signed, Madden was president of the company, Currier the director who had general supervision

of the work of construction, and Robinson the engineer on whose estimates payments by the company were made.  It therefore appears that at least two of these three directors were charged with the direct management of the construction of the ditch and empowered to determine the amounts due plaintiffs for their work.  Their declarations and admissions contained in this writing, therefore, were admissible as evidence against the corporation, because the directors were acting at the time as the authorized agents of the corporation and within the scope of their authority.  They were entrusted with the management of the construction of the ditch, and it was within their power to bind the corporation by an admission as to the amount due plaintiffs for the work.—3 Clark and Marshall on Private Corporations, §§ 727, 728, and cases cited; *U. P. Ry. Co. v. Hepner,* 3 Colo. App. 313; *Oro, etc., Company v. Kaiser,* 4 Colo. App. 219; *Longmont S. D. Co. v. Coffman,* 11 Colo. 551.

The lien claim by itself is not admissible as evidence, but it tended to explain the written statement of the three directors, for it referred to the lien as showing the amount due the plaintiffs.  For the purpose of description and identification the lien claim should have been admitted.

It is conceded by defendant that if his corporation owed plaintiffs a debt, he, as a director of the company, would be liable, since all the other elements of his liability under the statute were present.

Without indicating on which side the preponderance of evidence upon the controverted issues of fact was, it is sufficient for our present purpose to say that, aside from the excluded evidence, there was other competent evidence in behalf of plaintiffs tending to establish every material fact essential to their cause of action, and that which was wrongly rejected

would, if admitted, certainly strengthen their case. This being so, it is entirely clear that plaintiffs were entitled to have the case submitted to a jury for their finding.

The judgment is reversed and the cause remanded for a new trial. *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Gabbert concur.