## No. 10,527.

### RETALLIC *v.* DICKSON.

Decided October 1, 1923.  Rehearing Denied April 7, 1924.

Action on promissory note.  Judgment for defendant.

### *Reversed.*

1. BILLS AND NOTES—*Actions—Parties.*  The payee and holder may bring suit on a promissory note, even if he does not have the entire interest in it.

2. *Party Interested—Defense.*  The payee of a note, not the owner, cannot by suit cut off any defense which the maker might have against the real party in interest.

3. *Evidence.*  In an action upon a promissory note by a joint owner, the payee, it is held that a letter of the maker to the other joint owner concerning a matter in issue, was competent evidence, and that its rejection was prejudicial error.

4. ACTIONS—*Promissory Note—Parties.*  In an action on a promissory note, the refusal by the court of an application to make a party plaintiff, one who it was not disputed was beneficially interested in the note, held error.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Messrs. HONAN & COOK, for plaintiff in error.

Mr. ADDISON R. MANNING, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE questions before us arise out of an action by plaintiff in error against defendant in error to recover upon a promissory note. The cause was tried to the court without a jury. Finding and judgment were for defendant.

In the plaintiff's pleadings it is alleged that in 1910 plaintiff and one Orvey Williamson, on the solicitation of the defendant, bought sixty shares of stock in The Haigler Irrigation Company, which was at that time being promoted by the defendant, defendant agreeing that if they would purchase the same he would, at the expiration of three years, take up said stock and return to said purchasers the money paid therefor, with interest, should the investment prove unsatisfactory to them; that, relying wholly on defendant's said promise, they purchased the said shares, and paid therefor to the defendant the sum of $1200; that a certificate for said stock was issued to them, and that the defendant wrote upon the margin of the said certificate, before it was delivered, his personal guaranty, as above stated, and signed the same; that after the term of three years had elapsed, said parties elected to return the said stock and be paid the purchase price thereof, according to the agreement above set forth, and thereupon called upon defendant to pay said money to them; that he being unable to do so, they accepted his promissory note for said sum and interest, which was subsequently taken up by the note in suit, which was payable to plaintiff; that the said Retallic and the said Williamson were, at all times in the pleadings mentioned, joint owners of said stock and jointly interested in the said original note, and likewise so interested in the note sued upon; that said Retallic during his life time acted as agent and trustee of the said Williamson, in taking said promissory note, and the note in suit; that the executor of the said Retallic, who has been substituted as plaintiff herein is now acting in said capacity for the purpose of this suit with full knowledge, consent and approval of the said Williamson.

The amended answer admitted the execution of the note,

and the giving of the guaranty, but alleged that the guaranty was made without consideration, and as the act of the company; that the plaintiff was not the owner of the note, and not the real party in interest; and that the note was without consideration.

On the trial said Williamson testified that in all of his dealings with the defendant he was acting for himself and the plaintiff; that the purchase of the stock was induced by an agreement of the defendant to repurchase it; that each paid one-half of said $1200; and that the stock certificate had been transferred to plaintiff, who held the same for himself and the witness.

Plaintiff then offered in evidence the following letter:

"Exhibit B.

December 8, 1910.

MR. O. WILLIAMSON,
Barry, Ill.
MY DEAR ORVEY:

Herewith I enclose stock certificate No. 9 for sixty shares of stock as requested in your letter of the 6th.

I have also added my personal guarantee to the same as I said I would, leaving the matter optional with you. I will keep you posted from time to time as to the progress we are making.

With best regards, I remain

Yours very truly,
(Signed)   WILLIAM H. DICKSON."

Objection was made that the guaranty was not to the plaintiff; that the letter might be competent as against the defendant, if Williamson were suing, on a note involving it, but not in favor of the plaintiff in this action.

The objection was sustained, and the plaintiff then asked leave to join Williamson as joint plaintiff, which request was denied. The rejection of this letter, and the denying of the application to join Williamson as plaintiff, are assigned as error.

The plaintiff's case, as pleaded, was that he and Wil-

liamson were joint owners of the note, that the original note was given as a satisfaction of the guaranty, and that plaintiff was suing for both parties. That suit might be brought by plaintiff as payee and holder of the note, even if he did not have the entire interest in it, cannot be doubted. *First National Bank v. Hummel,* 14 Colo. 259, 23 Pac. 986, 8 L. R. A. 788, 20 Am. St. Rep. 257.

Section 3868, C. L. 1921, provides that a holder may sue in his own name, and that payment to him in due course discharges the maker.

The cause being tried upon the theory above stated, any evidence supporting the right of action on that theory was competent. Of course, the payee of the note, if not the owner, could not by suit cut off any defense which the maker might have against the real party in interest. As the court eventually found and determined the cause upon a finding that the guaranty was that of the company, and not of the defendant, it is evident that the letter was very important evidence for plaintiff. Its rejection was error.

The court erred also in refusing the application to make Williamson a party plaintiff. Since it is not disputed that he was beneficially interested in the note, he was entitled to be made a party plaintiff. *First National Bank v. Hummel, supra.*

As the judgment must be reversed because of these errors it is not necessary to discuss the other assigned errors. Judgment reversed.

Mr Justice Denison and Mr. Justice Whitford concur.

*On Petition for Rehearing.*

Determined En banc. Petition for rehearing denied. Mr. Justice Allen and Mr. Justice Campbell dissent.

Mr. Justice Campbell dissenting:

Action by the payee against the maker of a promissory note. Defendant admits execution, delivery and nonpayment. The affirmative defense is lack of consideration. The evidence is uncontradicted that the defendant received

nothing of value directly from the plaintiff or his assignor. If there was a consideration, it arose out of the following facts: One Williamson subscribed for capital stock of an irrigation corporation of which the defendant was president. Plaintiff Retallic, assignee of Williamson, says that as a part of the contract of subscription, and as one of the inducements for the purchase, the defendant gave, and endorsed on the stock certificate, his personal guaranty against loss to the subscriber by promising to take up the stock at the end of three years, if the subscriber so elected, apparently by returning the amount of the purchase money. This action is by Retallic, as assignee of the certificate in question. At the time of the subscription contract Retallic was not known to the defendant, but Williamson claims that Retallic was, from the first, interested with him and was a part owner of the purchased stock. Retallic died before the trial and his administrator was substituted as plaintiff. The death of the assignee probably accounts, in part, for the absence of definite evidence as to all the facts concerning the transaction.

For the purposes of this case we assume, but do not decide, that the alleged guaranty was not personal to Williamson, and that such rights as Williamson had are vested in Retallic. The guaranty contract was endorsed upon the certificate of stock at the time of its issuance. No witness pretends to give its language. Williamson is the only witness who purports to testify as to its contents. He does not pretend to give the words, but merely his summary or conclusion that it was a "plain guaranty" to the subscriber against any loss as above stated. The defendant testified that the corporation was an existing corporation, that Williamson knew that his subscription was made to the corporation, that defendant never owned the stock or represented himself as the owner, that the money for the stock was paid to, and used by, the company in its business, that the defendant received no commission or any other consideration for his services in making the sale, but was acting solely in his official capacity as presi-

dent, and in behalf, of the company. He further testified that he does not recollect the wording of the promise endorsed on the certificate but that it was intended to be, and was, the promise of the company itself and did not purport to be, and was not, his individual contract. In other words, the only two witnesses who have spoken on the subject—Williamson for the plaintiff, and the defendant for himself—are in direct conflict. Williamson says that, although he became a subscriber for this stock and it was issued to him by the company, the guaranty against loss was by the defendant in his individual capacity. The defendant says that whatever promise was made was a part of the subscription contract and was made by, and became binding upon, the company and not upon him. It is true that in a letter to Williamson the defendant does speak of his personal guaranty. This letter the court refused to admit in evidence, but in their briefs the parties seem to have treated it as part of the proof, and we shall so consider it. Such being the state of the record, we must accept the finding of the court that the defendant did not make this alleged guaranty, but that it was the contract of the corporation, the owner of the stock, which issued the certificate to the plaintiff and received payment therefor.

While this is a suit upon a promissory note, by the payee against the maker, which is a renewal of a previous note, there can be no recovery upon the same, if the testimony in the record shows the defendant received no consideration for it, or the original. That the defendant gave to Retallic his promissory note, on which he had made payments, for the amount that Williamson paid for the stock, might tend to show recognition of liability under a guaranty contract. The defendant started to explain at the trial why he gave the note and made payments thereon from time to time, but, upon objection, was not permitted to do so. Whatever may have been defendant's reason, he is not precluded from insisting upon his defense of a lack of

consideration. As already stated, the ground upon which the plaintiff claims that a consideration for the note passed to defendant, is that the latter made his personal guaranty to the subscriber of stock against loss for the purchase, to which rights plaintiff succeeded, and that such liability furnished the consideration for his giving of the note to Retallic. If, as the court found, the defendant did not make the guaranty, he is not personally, or individually, liable to any of these parties, either on the alleged guaranty, or on the note. The court, having found against the plaintiff on his claim that the defendant executed the guaranty contract, the execution and delivery of the note by the defendant to the plaintiff Retallic was not supported by any adequate or sufficient legal consideration. As additional, or part of the same, consideration, plaintiff says that the return of the stock certificate by Retallic to defendant is a consideration for the note. Defendant denies that this certificate was sent to, or received by, him in his individual capacity. He has no recollection of ever having received it, or as having seen it, but, if it was sent to him, it was sent to him as the representative of the company, and was received by the company.

The burden of showing no consideration is on the defendant. When he testified that he had received nothing of value, of any sort from plaintiff or his assignor Williamson for the note, but it was given wholly voluntarily, the burden shifted. The plaintiff then, to support his replication, sought to show that he had, within the three years' limit, elected to receive the purchase money. We find no evidence at all that the election was made within the time required. That, of itself, is enough to defeat the action.

Other alleged errors of the court in rulings on the evidence are not material in view of the finding of the court, which we have sustained. Even had the witness Williamson answered all the questions, which the court disallowed, favorably to the plaintiff, such evidence would not have

justified a judgment for plaintiff. Various other questions, which might have been important, had the defendant executed this guaranty, are not properly before us for determination. We observe, if the alleged contract is a "plain guaranty," it might be assumed, in the absence of its exact wording, that the principal contract to repurchase was made by the corporation. Hence the complaint may not state a cause of action against defendant on that theory. But we do not consider this material.

An additional reason for affirming the judgment is that there is no evidence in the record that the alleged guaranty was signed by the defendant in his individual capacity. The only claim made is that there was endorsed on the stock certificate something which the plaintiff construes as a guaranty. If it was not signed by defendant, and there is no evidence that it was, the guaranty could not be enforced against him. As the findings of the court were upon conflicting evidence and the evidence was legally sufficient to sustain them, we think the judgment should be affirmed. If it was error to exclude the defendant's letter it was, in view of the court's findings, harmless error. The only tendency of the letter was to contradict the defendant's testimony given at the trial that he did not sign the guaranty. It was the province of the court to pass upon the credibility of the witnesses.

For the foregoing reasons we dissent from the opinion of the majority, and think the rehearing should be granted.

MR. JUSTICE ALLEN concurs in this dissent.