## No. 10,619.

### HOLY CROSS GOLD MINING & MILLING CO. *v.* GOODWIN.

Decided February 4, 1924.

Action on contract.   Judgment for plaintiff.

### *Affirmed.*

1.   COMPROMISE AND SETTLEMENT—*Contract—Consideration.*   Although a claim may be doubtful or disputed, it nevertheless affords a sufficient consideration for a contract of compromise and settlement.

2.   *Action—Defense—Estoppel.*   Even if a party has a good defense to a claim, if he enters into a contract of compromise and settlement, he cannot thereafter set up the defense.

3.   COUNTERCLAIM—*Assigned Claim.*   Where a claim is assigned to a third party and suit brought thereon, defendant cannot urge as a counterclaim against the assignee, matters independent of the claim assigned.

4.   COMPROMISE AND SETTLEMENT—*Counterclaim—Estoppel.*   A party to a compromise is thereafter estopped from urging matters constituting a counterclaim existing at the time of the making of the compromise.

5.   CORPORATIONS—*Action by Directors.*   The board of directors of a corporation may act individually, and the act be binding on the corporation, if it has become the practice of the directors to act in that way.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. W. M. SWIFT, for plaintiff in error.

Mr. J. C. DUNN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by Alice L. Goodwin against The Holy Cross Gold Mining & Milling Company, to re-

cover upon an alleged contract, by the terms of which the company acknowledged itself indebted to her in the sum of $11,000, and agreed to pay the same. The trial court directed a verdict for plaintiff and defendant brings the cause here for review.

It is contended by plaintiff in error, defendant below, that it was error to direct a verdict for plaintiff, that there was evidence to go to the jury on several issues raised by the answer and cross-complaint.

The contract sued on is one in the nature of a compromise and settlement. It recites that the company was indebted to one Sherman Goodwin for services rendered and monies expended, and that Sherman Goodwin assigned his claims to Alice L. Goodwin. The company then acknowledges its indebtedness to Alice L. Goodwin, the assignee, and plaintiff herein, in the sum of $11,000. The contract is signed, on behalf of the corporation, by H. R. Ballard, president, and attested by Geo. E. Peck, secretary. The corporate seal is attached.

The first defense pleaded, or first issue raised, is want of consideration. Sherman Goodwin had a claim against the corporation. He assigned the claim to the plaintiff. If the claim was doubtful or disputed, it nevertheless afforded a sufficient consideration for the contract sued on herein, a compromise and settlement. 12 C. J. 324.

It is claimed that Sherman Goodwin never had any valid claim against the company. If the defendant company had a good defense to the original claim, it cannot now set it up, having made the compromise and settlement embodied in the contract sued on. 12 C. J. 339, sec. 34.

Some matters of counterclaim are pleaded. The counterclaim, if any existed, was held by defendant against Sherman Goodwin. If it related to matters independent of his claim assigned to plaintiff, it cannot be urged against the plaintiff, the assignee. 5 C. J. 964. On the other hand, if the counterclaim involves the same matters as are concerned in Sherman Goodwin's assignment to plaintiff, then the counterclaim is barred under the rule stated in

12 C. J. 339, that "a party to a compromise is estopped from afterward urging matter constituting a set-off or counterclaim existing at the time of making the compromise."

The answer alleges, among other things, that the officers executing the contract had no authority to do so. It is contended that the corporation is not bound by their act. Ballard, the president, and Peck, the secretary, who executed or signed the contract sued on, were directors of the defendant. They constituted a majority of the board of directors, because there were but three directors, G. E. Stearns being the third. The directors had never held a meeting, except on October 10, 1918. Peck and Ballard came to the office of plaintiff's attorney and signed the contract involved herein on January 14, 1922. The evidence shows that it was the customary usage of the corporation to act through its directors individually. In the instant case a majority of the directors acted. The case of *Longmont S. D. Co. v. Coffman,* 11 Colo. 551, 19 Pac. 508, is authority for the proposition that a board of directors may act individually and the act be binding on the corporation if it has become a practice of the directors to act that way. See also 14A C. J. 86, notes 90, 91; 2 Thompson on Corporations (2nd Ed.), section 1074; *Buckley v. Jennings,* 95 Vt. 205, 114 Atl. 40.

There was no error in directing a verdict for plaintiff. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.