## No. 11,422.

### DICKSON *v.* RETALLIC, ET AL.

Decided September 13, 1926. Rehearing denied October 4, 1926.

Action on promissory notes. Judgment for plaintiffs.

### *Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Consideration.* A note given in settlement of a doubtful or valid claim is based on a good consideration.

2. *Promissory Note—Consideration.* A claim made in good faith constitutes a good consideration for a note given in settlement thereof.

3. APPEAL AND ERROR—*Law of the Case.* On the retrial of a case after review in the Supreme Court, the decision of that court constitutes the law of the case.

4. ACTIONS—*Parties.* The cause of action based on a promissory note is not changed by the bringing in of new parties on a retrial.

5. *Parties.* One having an interest in a law suit should be made a party thereto.

6. PLEADING—*Waiver.* A defendant waives questions raised by special demurrer, motions to strike and to make more definite, by going to trial after they are overruled.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. ADDISON B. MANNING, for plaintiff in error.

Messrs. HONAN, COOK & BURKE, for defendants in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Retallic and Williamson had judgment, upon trial to the court, in an action on a promissory note. The defenses, when analyzed, all amount to want of consideration. The judgment was right.

The note in suit was a renewal of a previous note the consideration of which was the settlement of a claim, made by Retallic, as assignee of Williamson, against Dickson, upon an alleged agreement by the latter to take back certain stock in the Haigler Irrigation Company, sold by that company to Williamson, and to repay to him the purchase price thereof. The evidence would justify a finding that Retallic's claim was a valid one, but if not, it was at least a matter of doubt and the settlement of it was therefore a good consideration for the first note. *Swem v. Green,* 9 Colo. 358, 363, 12 Pac. 202; *Dawley v. Dawley's Est.,* 60 Colo. 73, 85, 152 Pac. 1171; *Holy Cross Gold M. & M. Co. v. Goodwin,* 74 Colo. 532, 223 Pac. 58; *Coffee v. Emigh,* 15 Colo. 184, 189, 25 Pac. 83, 10 L. R. A. 125; 12 C. J. 324; 13 C. J. 345, 347. And, again, there is no reason to doubt that the claim was made in good faith, which of itself would constitute a good consideration. *Coffee v. Emigh, supra,* 189.

This case has been here before. *Retallic v. Dickson,* 75 Colo. 123, 224 Pac. 1054. One of the errors for which the first judgment was reversed was that the district court had refused to permit Williamson to be made a party plaintiff when it appeared that he still had an interest in the note. After the reversal he was made a party and the point is now made that this was an error because it changed the cause of action. The point is settled by the law of the case, but if not, the cause of action is the same on the same note. It is an everyday matter on trial to admit a new plaintiff when he appears to have an interest in the case, and the code requires it. Code 1921, §§ 16, 17, 18, 81, 84.

The above answers the matter of the general demurrer to the replication. The defendant waived the special demurrers, the motion to strike and the motion to make more definite, by going to trial after they were overruled.

The judgment is affirmed.

Mr. Justice Burke, sitting for Mr. Chief Justice Allen, and Mr. Justice Whitford concur.