James H. Chessen et al., Appellees, v. Adam Morick, Appellant.

Heard in this court at the May term, 1930. Opinion filed September 22, 1930.

JOHN F. McGINNIS, JR. and C. C. ELLISON, for appellant.

WM. P. BOYNTON, for appellees; WM. WILSON, of counsel.

Mr. Presiding Justice Barry delivered the opinion of the court.

On July 6, 1925, appellant entered into a written contract for the sale and conveyance of real estate to O. H. Kramer for the sum of $7,000, $3,000 to be paid within 30 days and the balance in three years with interest at 6 per cent. Kramer paid the $3,000 within 30 days from the date of the contract. On February 20, 1926, Kramer gave Mary R. Hess a written assignment of the contract to secure his notes to her to the amount of $5,500. The contract bearing that assignment, and the assignment, were filed for record in the recorder's office on March 3, 1926.

On May 18, 1926, appellant loaned Kramer $3,000 for which he took a note falling due in one year, and a written contract in and by the terms of which Kramer agreed to pay the said sum of $3,000 in addition to the balance due on the real estate contract before a deed from appellant should be required to be delivered. On April 16, 1928, Mary R. Hess procured an absolute assignment of the real estate contract from Kramer and had the assignment made to James H. Chessen.

Chessen filed a bill for specific performance making appellant and Mary R. Hess defendants. The defendants answered the bill and each of them filed cross-bills. Issues were joined and the cause referred to a special master in chancery who found the issues in favor of Mary R. Hess and recommended a decree for specific performance and such a decree was entered. The title to the real estate is not involved as the only question is whether appellant is entitled to withhold the execution and delivery of a deed until he is paid the amount of the $3,000 loan made to Kramer on May 18, 1926. The evidence shows that on May 11, 1928, appellant was tendered $4,000 and the interest then due, that being the balance due on the real estate contract.

The general rule of law is that the assignee of a chose in action takes it subject to all equities and defenses between the assignor and the debtor existing at the time of the assignment, but the rule does not extend to a set-off or counterclaim arising out of an independent contract, whether the contract was made before or after notice of the assignment. 5 C. J. 965; *Howe Machine Co. v. Hickox,* 106 Ill. 461; *Holy Cross Gold Mining & Mill Co. v. Goodwin,* 74 Colo. 532, 223 Pac. 58; *Greene v. Darling,* 5 Mason (U. S.) 214. In the *Howe Machine Co.* case, *supra,* that company entered into a contract with W. C. and J. M. Hickox. The same contract contained another agreement between the company and W. C. Hickox individually and the contract was dated March 3, 1874. On May 23, 1878, the company recovered a large judgment against W. C. and J. M. Hickox. On August 23, 1878, the company had become indebted to W. C. Hickox in the sum of $2,200 under the terms of the contract of March 3, 1874. On August 23, 1878, W. C. Hickox sold and assigned all of his claims and demands, founded on the contract aforesaid, against the Howe Machine Company, to I. B. Hickox, the said assignment being indorsed on the contract. The assignee brought an action in the name of W. C. Hickox, for his use, to recover said amount and the Howe Machine Company filed a bill seeking to have the amount sued for by W. C. Hickox applied as a credit on its judgment against W. C. and J. M. Hickox and to enjoin the further prosecution of the suit of W. C. Hickox for the use of I. B. Hickox.

In that case the court quoted from *Greene v. Darling, supra,* as follows: "Where a chose in action is assigned, it may be admitted that the assignee takes it subject to all the equities existing between the original parties as to that very chose in action so assigned. But that is very different from admitting that he

takes it subject to all equities subsisting between the parties as to other debts and transactions." In the *Howe Machine Co.* case the court applied that rule of law even though the contract under which the assignee sought to recover was embodied in the same instrument upon which the Howe Machine Company recovered its judgment. The court held that even though there was but a single instrument, yet it contained two separate and distinct contracts and that the assignee did not hold his assignment subject to equities arising out of a separate and independent contract.

In the case at bar Mrs. Hess procured an assignment of the Kramer contract as security for the payment of notes amounting to $5,500 and the contract and the assignment indorsed thereon were recorded on March 3, 1926, and appellant made his loan to Kramer on May 18, 1926. While Mrs. Hess took her assignment subject to all equities appellant had under the real estate contract we would not be warranted in holding that before she is entitled to a deed she must pay him the $3,000 which he loaned to Kramer under a separate and independent contract.

When appellant executed and delivered the contract of sale to Kramer the latter became the equitable owner of the real estate and could dispose of his interest therein by an assignment of his contract. *Miedema v. Wormhoudt,* 288 Ill. 537. Kramer assigned his contract to Mrs. Hess on February 20, 1926, and she thereby acquired an equitable mortgage on his interest in the land. *Allen v. Woodruff,* 96 Ill. 11. Three months later appellant loaned Kramer $3,000 under a separate and independent contract the legal effect of which was to give him an equitable mortgage on Kramer's interest in the land. *Fitzhugh v. Smith,* 62 Ill. 486. The interests thus acquired by each of the parties from Kramer were purely equitable. Between persons having only equitable interests, if their in-

terests are in all other respects equal, priority in time gives a better equity. 21 C. J. 209; 10 R. C. L. 386.

Appellant's equitable interest is in no way superior to that held by Mrs. Hess and as she acquired her interest prior to the time appellant acquired his interest she has the better equity. Then again, appellant delivered the contract of sale to Kramer on July 6, 1925, and when he made the $3,000 loan to Kramer he did not require Kramer to produce his copy of the contract and have the new contract indorsed thereon. Under the circumstances of this case it would be highly inequitable to require Mrs. Hess to pay $3,000 more than the balance of the purchase price before she can get a deed.

Appellant contends that the court erred in not requiring Mrs. Hess to pay interest on the balance of the purchase price after the date of her tender to appellant. He insists that as Mrs. Hess was in possession of the real estate and did not actually bring the balance of the purchase money into court, she should be required to pay interest since the date of her tender. His contention in that regard finds some support in *Rankin v. Rankin,* 216 Ill. 132, and cases therein cited. The latest utterance of the Supreme Court upon the question is *Thompson v. Crains,* 294 Ill. 270. It was there held that in equity a debtor will not be required to bring the money into court to make the tender good, and if his contention as to the correct amount is upheld he will not be charged with interest after the tender, where the record shows that he has always been ready to pay said amount. In the case at bar the master found that Mrs. Hess made the tender of the balance of the purchase price with interest to the date of the tender and that she has always been ready, able and willing to pay said amount.

In our opinion she was not required to actually bring the money into court in order to stop interest. It

clearly appears that if she had done so the tender would not have been accepted. When she made the tender and demanded a conveyance she was entitled to a deed and the rents and profits from the real estate. If she had brought the money into court and appellant had refused to accept it, appellant would have been in no way benefited. The clerk of the trial court would not have been required to loan the money at interest. No good reason appears why Mrs. Hess should be required to pay interest since May 11, 1928, the date of her tender. Appellant's motion to strike the additional abstract of the record from the files will be allowed and no costs for such additional abstract will be taxed against appellant. The filing of the additional abstract was not necessary for the proper consideration and determination of the case. The motion to strike portion of appellees' statement, brief and argument is denied. The decree is affirmed.

*Affirmed.*