GEO. V. CLARK Co., INC., et al., Appellants, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent, et al., Defendants.

First Department, October 30, 1951.

*Laurence Rosenthal* of counsel (*Riegelman, Strasser, Schwarz & Spiegelberg,* attorneys), for appellants.

*James D. O'Neill* of counsel (*Edward R. Brumley,* attorney), for respondent.

CALLAHAN, J. This appeal presents the question of the sufficiency of a complaint in an action for specific performance of a contract for the sale of real estate.

From the complaint and annexed documents we obtain the following summary of the facts: The New York, New Haven and Hartford Railroad Company (hereinafter called Railroad) was the owner of about forty-one acres of land improved with numerous buildings, which it leased to Bronx Whitestone Terminals, Inc. (hereinafter called Bronx). The lease granted the lessee an option to purchase, which it duly exercised. Prior to exercise of the option Bronx had contracted to resell eleven acres of the property and one building to Charles A. Anderson Realty Corporation, assignor of the plaintiff, for a consideration of $110,000. This was about one third of the price Bronx was to pay for the whole tract. The complaint alleges that Railroad had notice of this contract of subpurchase, and that Bronx was unable to obtain title from Railroad under the option agreement and unable to convey to the plaintiff. It is stated that the plaintiff tendered performance, and that Bronx refused to deliver a deed on the ground of (1) inability to get title from Railroad, and (2) that title was unmarketable. The plaintiff alleges that it does not object to the state of the title. The refusal of the vendor to convey is said to be arbitrary, capricious and without reason, and the plaintiff is ready, able and willing to perform. Absence of adequate legal remedy and that the plaintiff sustained damage are also pleaded.

The order appealed from dismissed the complaint as against Railroad for insufficiency. The basis of such decision was that in the absence of any legal relationship between the plaintiff and Railroad the general rule of law applied against enforcement of a contract in favor of a person who is neither a party to the contract nor in privity with a party, or not a person for whose benefit the contract was made. The Special Term held that the plaintiff's claim that a broader rule should be applied in the case of a purchaser from a vendor of realty was not supportable on the facts or the law.

While it is true that the plaintiff is the purchaser of less than the entire property which Bronx attempted to obtain by exercise of its option, and that no privity of contract exists as between the plaintiff and Railroad even as to the portion of the property of which the plaintiff is subpurchaser, nevertheless we are of the opinion that the complaint on its face states a good cause of action against Railroad for equitable relief. Privity of estate exists, and equities may have arisen in the

plaintiff's favor which will give it the right to obtain specific performance of (1) the contract of Bronx for transfer of the whole property, and (2) the plaintiff's own contract of subpurchase. Whether the equities warrant such relief will depend on the proof to be developed on trial. Of course, no conveyance by Railroad will be compelled to its prejudice, nor unless it receives either from Bronx or the plaintiff itself the full consideration contracted to be paid.

When Bronx exercised the option to purchase, it became the equitable owner of the land subject to performance of its contract obligations with Railroad, the same as if a bilateral contract of sale had been executed. The legal title was held by Railroad as trustee for Bronx. The Railroad also held as trustee for the plaintiff in respect to the eleven acres resold by Bronx (*Cavalli* v. *Allen,* 57 N. Y. 508, 513). Under appropriate circumstances a *cestui que trust* may obtain specific performance (Fry on Specific Performance [6th ed.], § 200). If the plaintiff had become assignee of Bronx for the entire contract, there would be no doubt that it could obtain specific performance (*Epstein* v. *Gluckin,* 233 N. Y. 490). And if it had taken from Bronx a new contract of subpurchase for the whole property, it could likewise obtain such relief (*Epstein* v. *Kroopf,* 218 App. Div. 519).

This confines the inquiry as to whether a subpurchaser of less than the whole may obtain specific performance. Perhaps no subpurchaser, strictly speaking, may enforce performance of the original contract. Nevertheless, even a subpurchaser who has contracted to buy less than the whole may have rights which a court of equity will undertake to protect (*McDonald* v. *Yungbluth,* 46 F. 836; *Lenman* v. *Jones,* 33 App. D. C. 7, affd. 222 U. S. 51; *Mechanick* v. *Duschaneck,* 99 N. J. Eq. 86). In one jurisdiction, where the precise question was presented, it was held that a subvendee of less than the whole property could obtain specific performance (*Miedema* v. *Wormhoudt,* 288 Ill. 537). Though a contrary rule may appear to have been indicated in *Lord* v. *Underdunck* (1 Sandf. Ch. 46), it should be observed that the case involved a defect of parties in an action by the subpurchaser against the original vendor. It may be significant to note that leave to bring a further action was granted, and a demurrer to a later complaint was overruled (1 Sandf. Ch. 579).

We deem that the better rule would permit the subvendee to address its complaint to the court *for trial,* so that inquiry may be made into all the surrounding facts and circumstances in

order to determine whether equity should enter a decree that will in every respect protect all parties, including Railroad. The supplicant for relief should not be turned away merely because his complaint shows lack of privity of contract or because of any similar legalistic obstacle. " What equity exacts today as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant " (*Epstein* v. *Gluckin, supra,* p. 494).

In any event the complaint states a cause of action for specific performance against Bronx, which is also a defendant, and Railroad is a necessary party to such suit to avoid circuity of action.

It is not to be assumed at this time that either contract has lapsed or would be unenforcible by a decree in equity.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the motion denied.

VAN VOORHIS, J. (dissenting). This appeal is by plaintiffs from an order granting a motion made by defendant the New York, New Haven and Hartford Railroad Company to dismiss the complaint as to said defendant for insufficiency. Only the first cause of action is against said Railroad Company. The facts underlying this cause of action, which, as it seems to me, was correctly dismissed by the order under review, are that defendant Railroad contracted to convey a parcel of real property, including ten buildings, to defendant Bronx Whitestone Terminals, Inc., for $282,500, one of which buildings, known as Building C, Whitestone contracted to convey to plaintiff Clark's assignor for $110,000. The complaint alleges that the Railroad and Whitestone have neglected to consummate the transfer of the ten buildings to Whitestone (under an option which ripened into an executory agreement of purchase and sale on its being exercised by Whitestone), and judgment for specific performance is sought against the Railroad as well as against Whitestone and its assignees. The Railroad is the only moving party, consequently only its liability need be considered.

If Whitestone had contracted to convey to plaintiff Clark all of the real property which is the subject of its contract with the Railroad, Clark would probably have had the same rights to compel specific performance by the Railroad which were possessed by Whitestone (*Epstein* v. *Kroopf,* 218 App. Div. 519). A different question might be whether specific performance would have been maintainable against Whitestone to compel conveyance of Building C alone if the Railroad had

not objected to fulfilling its contract to convey the ten buildings to Whitestone (*Miedema* v. *Wormhoudt,* 288 Ill. 537). Neither of these questions is presented and they need not be decided in this case.

Possibly plaintiff Clark, by subrogation to Whitestone or under some similar principle, might have compelled the Railroad to convey the ten buildings to it instead of to Whitestone, if Clark had tendered payment of the full $282,500 purchase price in accordance with the terms of the contract between the Railroad and Whitestone, notwithstanding that Clark's only contract was with Whitestone to buy Building C for $110,000. Neither is it necessary to decide that question, inasmuch as the complaint seeks no such relief.

The object of the action is to compel Whitestone to pay to the Railroad $282,500 for a conveyance by the Railroad against its will of the ten buildings to Whitestone, and, thereafter, to compel Whitestone to convey one of said buildings to plaintiff Clark for $110,000.

Plaintiff-appellant Clark urges under the maxim that equity regards as done what ought to be done, that Whitestone, under the first executory agreement, held equitable title to the ten buildings and the Railroad only the legal title in trust for Whitestone to secure payment of the purchase price; that a similar situation exists with respect to Building C as between Whitestone and Clark, and that there is therefore privity of estate between Clark and the Railroad which will serve as a basis on which to maintain specific performance against the Railroad and Whitestone under Clark's contract to buy Building C. The concept of privity, whether of contract, blood or estate, has been useful to supply a rationale for doing what the courts have deemed to be justice in specific cases. It has been regarded as too unsubstantial and artificial to be carried to its logical conclusion in all instances (*Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 180). Cases might arise where equity would enforce the performance of a primary contract in order to enable performance of a secondary contract, even if the subject matter of the two contracts were not in all respects the same. In such situation, a trial would be necessary. It seems to me, however, that it appears from the complaint that this is not such a case. The contract between the Railroad and Whitestone covers so much more than the contract between Whitestone and Clark, that on the face of the pleading Clark should not be granted specific performance of the contract between the Railroad and Whitestone. Since it appears from the complaint that

plaintiff cannot succeed against the Railroad, the complaint was properly dismissed. Plaintiff may be entitled to damages against Whitestone, but that question is not presented on this motion to dismiss as against the Railroad.

The order appealed from should be affirmed, with $20 costs and printing disbursements.

PECK, P. J., GLENNON and DORE, JJ., concur with CALLAHAN, J.; VAN VOORHIS, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellants, and the motion denied.