No. 17,531.

JOHN A. HUBBY AND KATE O. HUBBY
*v.* WILLIS AGENCY, INC.
(283 P. [2d] 1080)

Decided May 23, 1955.

Mr. H. T. McGARRY, for plaintiffs in error.

Mr. Robert T. Johnson, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

These parties appeared in reverse order in the trial court and are hereinafter referred to as there, or by name.

Willis Agency, Inc., a corporation, brought this action upon a demand promissory note payable to plaintiff executed by defendants Mr. and Mrs. Hubby, which obligation the complaint alleged had not been paid. Defendants, by answer, admitted the execution of the note, but alleged that it was conditionally delivered to plaintiff. In addition, defendants alleged plaintiff "is not the owner of said promissory note; has no interest therein and is not the real party in interest herein." It was further alleged that plaintiff, a real-estate broker, was acting for Don Price and H. A. Jenkins for the sale of a certain property located on Jupiter Drive in Colorado Springs, Colorado; that defendants were the owners of certain real estate in the Broadmoor section of Colorado Springs, and that on September 11, 1953, defendants signed a contract to purchase the Jupiter Drive property from Price and Jenkins for $35,800, payable in cash thirty days after the date of the agreement, and that at said time "defendants signed the demand promissory note in the sum of $3,500.00 as set forth in Plaintiff's complaint, as a deposit upon said property and delivered said contract and said note upon the conditions hereinafter set forth." These conditions, as pleaded, were that defendants did not have $35,800 in cash with which to buy the Jupiter Drive property; that they were unwilling and unable to purchase said property unless defendants sold the Broadmoor property, owned by defendants, or were able to secure a mortgage on their property in

the sum of $35,800 and that defendants stated a mortgage of $35,800 "was obtainable on the property owned by defendants and that plaintiff would assist defendants in securing the same;" it was further alleged that defendants were unable to secure a mortgage in the sum of $35,800 upon their property; that plaintiff caused defendants to list their property with plaintiff for sale under an exclusive listing, and that "plaintiff and defendants were unable to sell the property owned by defendants; and that by reason thereof the contract of September 11, 1953 was abandoned."

Trial was to the court. The issues were resolved in favor of plaintiff. In its findings the trial court determined plaintiff "is the named payee and holder of said note"; that defendants had paid nothing thereon and refused payment after demand; that said promissory note "was executed and unconditionally delivered for a valuable consideration, by defendants to plaintiff and such delivery was without any reservation, condition or restriction whatsoever." Pursuant to the findings, judgment was entered in favor of plaintiff and against defendants, who bring the cause here by writ of error.

The contract, denominated "Real Estate Purchase Agreement," acknowledges receipt of the demand promissory note from defendants, as "earnest money and as part payment on the purchase price" of the Jupiter Drive property; the total purchase price was $35,800 payable as follows: $3,500.00 demand note hereinabove receipted for, and $32,300.00 on date of closing." It further recited that "Time is of the essence hereof, and if any payment * * * is not made * * * by the purchaser as herein provided, then this contract shall be void and of no effect, at the seller's option, and both parties are released from all obligations hereunder and all payments made herein shall be retained by the seller as liquidated damages. * * *" This portion of the contract was signed by The Willis Agency. Defendants signed an "Approval by Purchaser" [a part of the same sheet on which the Willis

Agency receipt appears] wherein they agreed to make payment of the purchase price within a period of thirty days. On the same printed page appears the "Approval of the Seller" executed by Price and Jenkins, which recites among other matters: "I (we) further agree that in the event the deposit becomes a forfeit, the agent shall retain one-half of said payment up to the extent of 5% of the gross sale price." According to the evidence, Jenkins was the record owner of the Jupiter Drive property.

For reversal it is urged that plaintiff was not the owner of the note, and that Price and Jenkins, the owners of the Jupiter Drive property, should have been made parties to the action. It is further contended by counsel for defendants that plaintiff's action must fail because the contemporaneous purchase and sale contract was not pleaded in plaintiff's complaint "since the note was conditioned on the contract."

These contentions are without merit. "That suit might be brought by plaintiff as payee and holder of the note, even if he did not have the entire beneficial interest in it, cannot be doubted" is the rule set forth in *Retallic v. Dixon,* 75 Colo. 123, 224 Pac. 1054. The same rule is announced in *First National Bank v. Hummel,* 14 Colo. 259, 23 Pac. 986. See, also, 8 A. J. Section 924, p. 542; 8 A. J. Section 929, p. 547; 10 C.J.S. Section 536, p. 1166; Section 538, p. 1169.

The payee and holder of a promissory note may maintain an action thereon even if he is not the beneficial owner of the negotiable instrument sued on. Even though he is only a nominal payee and the beneficial interest of equitable ownership is another person, or if the payee and holder does not have the entire interest in the instrument, the payee and holder may maintain an action on the note.

In the instant case plaintiff has legal title to the note; is the named payee thereof and has not negotiated or

transferred it. ˙It is apparent from the testimony of Jenkins, a witness for plaintiff and record owner of the property which defendants contracted to purchase, that he was consenting to the action of plaintiff in bringing suit on the note.

Both the contract of purchase and sale and promissory note were introduced in evidence, and the trial court construed both of these instruments together in the light of evidence adduced. Inasmuch as the note on its face was not limited or qualified by some other agreement, it was not necessary for plaintiff to plead the contract of purchase and sale in its complaint.

It is manifest from a careful review of the testimony that defendants were extremely anxious to purchase the Jupiter Drive property and were of the opinion that they could finance its purchase within a period of thirty days. This property was to be purchased by Mr. Hubby for his wife in an attempt to affect a matrimonial reconciliation. Within a few days after the note was executed it was apparent to defendants that because of the limited monthly income of Mr. Hubby he would be unable to get a loan. This fact, combined with Mrs. Hubby's aversion to going into debt for a large amount of money, caused defendants to abandon the idea of buying the Jupiter Drive property. However, the record shows that plaintiff, during the thirty-day period limited in the contract, exerted every effort to sell defendants' Broadmoor property and assisted defendants in every way in their efforts to obtain a loan.

The record discloses that Mrs. Hubby did institute a suit for divorce and then when suit was brought on the note, after Mr. and Mrs. Hubby had given up any idea of buying the house, the defense of conditional delivery of the note was advanced.

The findings of the trial court that the note was signed and delivered without any conditions, reservations or restrictions are amply sustained by competent

evidence in the record, and under the well-known rule will not be set aside on appeal.

The judgment is affirmed.