MARGARETTEN & COMPANY, INC., Plaintiff-Appellee, v. RICHARD MARTINEZ *et al.*, Defendants-Appellants (Kailish Prasad *et al.*, Third–Party Purchasers-Appellees.

Second District   No. 2—89—0426

Opinion filed January 16, 1990.

W. Randal Baudin, of Madsen, Baudin, Stolfi & Sugden, of Crystal Lake, for appellants.

Bashaw & Associates, of Hinsdale (Steven B. Bashaw, of counsel), for appellees Kailish Prasad and Paul Javaras.

JUSTICE DUNN delivered the opinion of the court:

Defendants, Richard and Joyce Martinez, appeal from the denial of their motions to vacate an order approving the sale of their home pursuant to a foreclosure decree and for an injunction to stay their evictions from the home. Defendants argue that the motions should have been granted because the trial court set the wrong deadline in the foreclosure decree for them to redeem their property, and they could have done so by the proper deadline. We affirm.

Plaintiff, Margaretten & Company, Inc., filed a foreclosure complaint against defendants on June 13, 1988. The sheriff's return of service states that Joyce Martinez was personally served at the subject residence at 605 Christine Drive in McHenry on the afternoon of June 24, 1988. The return states that Richard Martinez was served by substituted service at the same time and place and that copies of the summons and complaint were mailed to him at that address four days later.

Richard Martinez filed a *pro se* general appearance on July 22, 1988. Since defendants failed to file an answer or otherwise plead, the trial court found they were in default and entered a judgment of foreclosure on September 16, 1988. The judgment order provided that the redemption period for the property would expire on January 25, 1989, and that the property would be sold after that date if it was not redeemed by defendants. The court also stated in the order that there was no just reason to delay enforcement or appeal from the order.

On February 15, 1989, a sheriff's sale of the subject property was conducted. Two third parties, Kailish Prasad and Paul Javaras, submitted the highest bid and purchased the property. That same day, the trial court issued an order confirming the sale and granting possession to the purchasers after 30 days. This order also states there is no reason to delay enforcement or appeal from the order. On April 3, defendants presented a motion asking the trial court to vacate the February 15 order and another motion seeking an injunction to prohibit their eviction until further order of the court. Defendants also requested in the motion to vacate that the court issue an order requiring the clerk of the circuit court to accept payment of the funds necessary to redeem the property and restoring defendants to the subject premises.

Defendants alleged in the motions that Richard Martinez was never properly served because he was not residing with his wife at the time of the attempted substituted service, the sheriff's return does not reflect that a copy of the summons for Richard was left with Joyce, the deputy did not explain the contents of the summons and

complaint to Joyce, and no copies of the summons and complaint were subsequently mailed to Richard or Joyce. These allegations were supported by the attached affidavits of both defendants.

The motions further allege that since Richard was never properly served, the seven-month redemption period should have been calculated from the date he submitted to the jurisdiction of the court, July 22, 1988, rather than the date of service, June 24, 1988. This would mean that the proper date for expiration of the redemption period was February 22, 1989, rather than January 25, 1989, the date set by the trial court in the foreclosure decree.

Richard's affidavit states that he appeared in court on February 15, 1989, and advised the trial judge that he had sufficient funds to redeem the property. The trial judge advised Richard that the redemption period had expired.

After hearing argument, the trial court denied the motions without affording defendants the opportunity to present evidence. Defendants filed a timely notice of appeal from the denial of the motions.

■ Although plaintiff has not filed a brief with this court, the third-party purchasers, Javaras and Prasad, have done so. Since the purchasers do not appear to contest defendants' claim that service upon Richard was improper under section 2—203 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—203), and since the facts in Richard's affidavit support such a conclusion, we shall assume defendants' claim is correct. Proceeding under this assumption, defendants' argument that the trial court should have set February 22, 1989, rather than January 25, 1989, is clearly correct. Section 15—1603(b) of the Code states in relevant part as follows:

> "In the foreclosure of a mortgage of real estate which is residential real estate at the time the foreclosure is commenced, the redemption period shall end on the later of (i) the date seven months from the date the mortgagor or, if more than one, all the mortgagors (A) have been served with summons or by publication or (B) have otherwise submitted to the jurisdiction of the court, or (ii) the date three months from the date of entry of a judgment of foreclosure." (Ill. Rev. Stat. 1987, ch. 110, par. 15—1603(b).)

The date all the mortgagors had either been served with summons or submitted to the court's jurisdiction was July 22, 1988, the day Richard filed his appearance. The date seven months from this date was February 22, 1989. The date three months from entry of the judgment of foreclosure was December 16, 1988. February 22, 1989, the later date, was the date the trial judge should have set for expira-

tion of the redemption period.

This does not necessarily mean, however, that defendants were entitled to the relief requested in their motions. Defendants requested in their motion to vacate that they be allowed to redeem the property even though the redemption period had expired. There are cases in which it has been held that a court of equity may permit redemption after expiration of the statutory time period if fraud, mistake, or some other infirmity on the part of a public official or the purchaser prevented redemption within that period. (See, *e.g.*, *American Savings Association v. Conrath* (1984), 123 Ill. App. 3d 140, 147; *Mutual Life Insurance Co. v. Chambers* (1980), 88 Ill. App. 3d 952, 957.) These cases, however, predate the adoption of the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1987, ch. 110, par. 15—1101 *et seq.*), which is now a part of the Code and is applicable to this case since the foreclosure complaint was filed after July 1, 1987 (Ill. Rev. Stat. 1987, ch. 110, par. 15—1106).

Section 15—1605 of the Code states as follows:

"No equitable right of redemption shall exist or be enforceable under or with respect to a mortgage after a judicial sale of the mortgaged real estate pursuant to Section 15—1507 or after entry of a judgment of foreclosure pursuant to Sections 15—1402 or 15—1403." (Ill. Rev. Stat. 1987, ch. 110, par. 15—1605.)

Since a judgment of foreclosure had been entered and a judicial sale had been held as of the time defendants presented their motions, section 15—1605 prohibited the trial judge from using his equitable powers to extend the redemption period.

Defendants' motion to vacate the February 15, 1989, order approving the sale of their property did not specify under which statutory provision they were proceeding. A final judgment entered by a court of competent jurisdiction may only be attacked on direct appeal or in one of the traditional collateral proceedings which are now defined by statute. (*Malone v. Cosentino* (1983), 99 Ill. 2d 29, 32-33.) A judgment order is final if it terminates the litigation on the entire controversy or some definite part thereof so that, if affirmed, the trial court need only proceed with execution. (*O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 133.) The order approving the sheriff's sale terminated the foreclosure litigation by conclusively establishing the purchasers' rights to the property and by giving final approval to the proposed distribution of the sale proceeds. Furthermore, at least one Illinois court has indicated that such orders are final. (See *Bank of Ravenswood v. Maiorella* (1982), 104 Ill.

App. 3d 1072, 1074.) We conclude that the February 15 order approving the sheriff's sale was a final judgment order.

Defendants filed their motion to vacate this order on April 3, 1989, 47 days after it was entered. The only statutory provision authorizing collateral attacks upon final orders or judgments in civil cases more than 30 days after their entry is section 2—1401 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Accordingly, we will construe defendants' motion to vacate as a petition pursuant to section 2—1401.

■ In order to be entitled to relief under this provision, a petitioner must set forth specific factual allegations establishing each of the following elements: (1) existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the trial court in the original action; and (3) due diligence in filing the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21.) If the petitioner sets forth sufficient facts to support the granting of relief, an evidentiary hearing must be held. *Smith*, 114 Ill. 2d at 221.

■ The trial court denied the motion to vacate without giving defendants an opportunity to present evidence. This was proper, however, in light of defendants' failure to set forth any facts establishing due diligence on their part in presenting their claim to the trial court in the original action. Since section 2—1401 is not generally employed to relieve a party from the consequences of his or her own mistake or negligence, a party is not entitled to relief under this provision absent a showing that through no fault of his or her own, the factual error or existence of a valid defense was not made known to the trial court. (*Smith*, 114 Ill. 2d at 222.) Defendants complain that the trial court erred in the September 16, 1988, foreclosure decree by setting a redemption deadline of January 25, 1989, and by subsequently approving a sale of the property held on February 15, 1989, prior to the expiration of the proper redemption period. Defendants offer no excuse in their motion or affidavits for their failure to raise these alleged errors for more than six months after entry of the foreclosure decree and for 47 days after entry of the order approving the sheriff's sale. The trial court properly denied the motion without an evidentiary hearing since defendants alleged no facts in their motion to establish they were diligent in raising the above matters in the trial court.

■ Defendants did allege in the motion to vacate that the foreclosure decree and the order approving sale were void because of the aforementioned infirmities. Since a void judgment may be attacked at any time in either a direct or collateral proceeding (*Potenz Corp. v.*

*Petrozzini* (1988), 170 Ill. App. 3d 617, 618), defendants' failure to allege facts establishing due diligence would not prevent them from receiving relief. In the instant case, as in *Potenz Corp.*, while the judgment may have been erroneous, it was not void.

In *Potenz Corp.*, defendants sought to vacate a judgment entered in yen rather than a dollar amount. This court concluded the judgment was erroneous but not void, noting that the trial court had jurisdiction when it entered judgment, it did not usurp any authority in doing so, and did nothing inconsistent with due process. (170 Ill. App. 3d at 620.) In the case at bar, the trial court had jurisdiction when it entered the orders; Richard had submitted to the court's jurisdiction by filing an appearance, and Diane was properly served. The trial court also did not usurp any authority in so doing. The court not only had the authority to set a deadline for redemption in the foreclosure decree, it was required to do so under section 15—1506(e) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 15—1506(e)). The court also had the authority to order the sale of the property (Ill. Rev. Stat. 1987, ch. 110, par. 15—1507) and to enter an order confirming or approving the sale (Ill. Rev. Stat. 1987, ch. 110, par. 15—1508). Finally, the trial court did nothing inconsistent with due process.

As we stated in *Potenz Corp.*, the mere fact that a judgment is erroneous does not render it void (170 Ill. App. 3d at 620). Accordingly, the orders in question were not void. Defendants' failure to set forth facts in their motion establishing due diligence thereby precluded them from obtaining relief under section 2—1401.

Furthermore, section 2—1401(e) of the Code states as follows:

"Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(e).)

As we have previously stated, the record establishes that the trial court had jurisdiction when it entered the foreclosure decree and the order approving sale. The instant case is thus distinguishable from *State Bank v. Thill* (1986), 113 Ill. 2d 294, in which the record failed to establish that one of the foreclosure defendants was ever properly

served. (*Thill*, 113 Ill. 2d at 316.) Our supreme court stated in *Thill* that while it is important to assure that a *bona fide* purchase of real estate may rely upon the facial validity of judicial proceedings forming a link in his or her chain of title, a purchaser is not entitled to rely on a judicial proceeding if the record evinces a lack of jurisdiction. 113 Ill. 2d at 317.

■ Here, as in *Thill*, the record indicates one of the foreclosure defendants was not properly served with process. The record clearly establishes in this case, however, that the court acquired jurisdiction over that defendant when he filed an appearance, unlike *Thill*. Since Prasad and Javaras received title to the Martinez property after the challenged orders were entered but before defendants filed their section 2—1401 petition and since they acquired the property for value, any modification or vacation of the orders could not have affected their title under section 2—1401(e). The trial court could have properly denied the motions on this basis as well, because the relief sought by defendants was their restoration to the premises and this relief was barred under section 2—1401(e).

■ Defendants' motion for injunctive relief was also properly denied by the trial court. One of the requisites for injunctive relief is establishing a likelihood of success on the merits. (*Shodeen v. Chicago Title & Trust Co.* (1987), 162 Ill. App. 3d 667, 672.) As we have seen, defendants had no possibility of success on their section 2—1401 petition.

Because of our disposition of this matter, we need not resolve the contention of Javaras and Prasad that defendants were barred from redeeming the property because they failed to send the mortgagee's attorney a notice of intent to redeem at least 15 days prior to the intended redemption date (see Ill. Rev. Stat. 1987, ch. 110, par. 15—1603(e)). Although the trial court denied defendants' motions on this basis, we may affirm the trial court's order on any ground apparent from the record. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.

Accordingly, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.