RONALD J. ORLOFF *et al.*, Plaintiffs-Appellants, v. BERNARD J. PETAK *et al.*, Defendants (Ernestine Thomas *et al.*, Defendants-Appellees).

Third District    No. 3—91—0379

Opinion filed January 30, 1992.

Block, Krockey, Cernugel & Cowgill, P.C., of Joliet (Robert S. Krockey, of counsel), for appellants.

Davis, Varsek & Dystrup, P.C., of Joliet (Scott Hoster, of counsel), for appellee Commonwealth Mortgage Company of America.

Fenech, Toussaint, Boomershine & Craig, P.C., of Oakbrook Terrace (Bruce W. Craig, of counsel), for appellee Ernestine Thomas.

JUSTICE GORMAN delivered the opinion of the court:

This action was brought by plaintiff Robert Orloff, who held a recorded junior mortgage on certain real estate and was omitted from foreclosure proceedings instituted by the first mortgagee on the subject property. The trial court ordered that plaintiff equitably redeem before foreclosing, set the redemption amount at $120,000, and limited the redemption period to 90 days. Plaintiff did not post such bond. He appeals. We affirm in part and reverse in part.

In February 1986, defendant Bernard Petak gave plaintiff Ronald Orloff a second mortgage on several parcels of real estate including the subject property. The subject property was held in an Illinois land trust. The mortgage was recorded; First National Bank of Joliet was trustee. The holder of the first mortgage was Commonwealth Mortgage Company of America (Commonwealth).

Commonwealth filed a complaint to foreclose its first mortgage and omitted plaintiff. On September 30, 1988, Commonwealth successfully bid in the entire amount due on the mortgage ($103,069.32)

at the sheriff's sale. On March 31, 1989, the statutory redemption period expired. On July 14, 1989, Commonwealth recorded its sheriff's deed. On August 30, 1989, Commonwealth sold the property to Ernestine Thomas (Thomas) for $120,000, giving a warranty deed. Thomas was advised of plaintiff's lien at the real estate closing. Plaintiff first learned of Commonwealth's foreclosure at that time when a representative of the title company called plaintiff's attorney to inquire about the plaintiff's lien.

In September 1989, plaintiff filed his complaint against Thomas to foreclose; he later added a count for equitable redemption. The first count for foreclosure was dismissed. The parties tried the equitable redemption count in a bench trial. In April 1991, the trial court entered a judgment order that plaintiff was required to equitably redeem before foreclosing. The order provided that plaintiff had 90 days within which to redeem and set $120,000 as the redemption amount.

Plaintiff filed a notice of appeal. On July 1, 1991, 17 days before the expiration of the redemption period, plaintiff successfully sought to stay the running of the redemption period pending the appeal, but was required to post a $120,000 bond. Plaintiff did not post such bond, and the redemption period expired on July 17, 1991. Plaintiff now appeals, raising two issues for review.

■ First, plaintiff contends that the trial court erred in dismissing his count for foreclosure. We disagree with such contention. Plaintiff must equitably redeem before foreclosing his lien. Under *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 446 N.E.2d 1205, an omitted junior lienor must equitably redeem before he may foreclose his own lien. In *Baldi*, the plaintiff was a junior mortgagee who was omitted from a foreclosure action brought by the senior mortgagee. The purchaser at the sheriff's sale was the senior mortgagee's successor in interest, defendant Israelstam. The court held that plaintiff must redeem before foreclosing. Here, too, plaintiff must exercise his right of redemption before foreclosing. Even if plaintiff had been joined, he would have been required to redeem before foreclosing his junior lien. Plaintiff's right to redeem is the right to satisfy the first mortgage by paying the debt it secures and thereby becoming equitably subrogated to the rights of the first mortgagee. If plaintiff redeems from the first mortgage, then he may foreclose his junior mortgage and the senior mortgage. However, title always remains in Thomas, the successor in interest to Commonwealth, the purchaser at the foreclosure sale. If plaintiff redeems and forecloses his liens, Thomas may then of course redeem from plaintiff's foreclosure.

■ Second, plaintiff contends that the trial court erred in calculating the redemption amount. We agree. Defendant argues that *Rodman v. Quick* (1904), 211 Ill. 546, 71 N.E. 1087, states the rule of law applicable here. There the court held that when a junior mortgagee excluded from foreclosure proceedings exercises his equitable right of redemption, the amount to be paid includes the amount of the debt, interest thereon to the time of redemption, taxes paid to preserve title, and the cost of necessary repairs, minus rents and profits of the premises actually received or that could have been received by the exercise of reasonable care and diligence. (*Rodman*, 211 Ill. at 554.) We find *Rodman v. Quick* factually distinguishable in that the omitted junior mortgagee there waited nearly four years after the completion of the first foreclosure proceedings to redeem her interest, at which point the property had been conveyed by the first mortgagee (who was the successful bidder at its foreclosure sale) to multiple third parties. Here, plaintiff acted within a week of learning of Commonwealth's defective foreclosure proceedings. To apply the reasoning in *Rodman* would be to penalize this plaintiff, who has acted with dispatch to protect his rights. Therefore, we do not find *Rodman* to enunciate the proper rule for calculating the redemption amount here.

Commonwealth's mortgage determines what expenditures can be factored into the redemption amount. Under Commonwealth's mortgage, Commonwealth may "do and pay for whatever is necessary to protect the value of the property and [its] rights in the property where there is a legal proceeding that may significantly affect [its] rights in the property or where [mortgagor] fails to perform the covenants *** contained in [the] security instrument." Moreover, "any amounts disbursed by [Commonwealth] under this paragraph [ ] shall become additional debts of [mortgagor] secured by this security instrument *** these amounts shall be at interest from the date of disbursement at the Note rate and shall be payable, with interest upon notice from [Commonwealth] to [mortgagor] requesting payment." The court here set the redemption amount at $120,000 without calculations showing how it arrived at that figure. On remand, the court should calculate the redemption amount to include the balance owed on Commonwealth's mortgage at the time of foreclosure, taxes, insurance, and repair, etc. expenses disbursed by Commonwealth to protect the value of its property until the sheriff's sale on September 30, 1988.

■ Defendant raises the issue of whether plaintiff is barred from raising the issue of the redemption amount since he did not post the bond on which the stay of the running of the redemption period was

conditioned. We hold that plaintiff is not barred from raising the issue of the redemption amount. We further hold that the appeal tolled the running of the redemption period even though the bond was not posted. To hold otherwise would reward Commonwealth for the omission of a recorded junior lien holder. Plaintiff on these facts is entitled to be placed in the position he would have enjoyed had he been at the sheriff's sale to bid.

For the foregoing reasons, we affirm that part of the order of the circuit court of Will County requiring redemption before foreclosure, reverse that part setting the redemption amount and time limit and remand for further proceedings.

Affirmed in part; reversed in part and remanded.

STOUDER and McCUSKEY, JJ., concur.