No. 3-05-0438

Filed May 25, 2006.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

_____

| | |
|---|---|
| REACT FINANCIAL, As Assignee of NATIONWIDE MORTGAGE PLAN AND TRUST, | ) Appeal from the Circuit Court<br>) of the 10th Judicial Circuit,<br>) Marshall County, Illinois,<br>) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No.   04-CH-5 |
| | ) |
| DARREN R. LONG, SHERYLE A. LONG f/k/a SHERYLE A. HAAKE,  LOUIS E. OLIVERO, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | )<br>)<br>)<br>) |
| | ) Honorable |
| | ) Scott A. Shore, |
| Defendants-Appellees. | ) Judge, Presiding. |

_____

JUSTICE SLATER delivered the opinion of the court:
_____

In 1987 the Illinois legislature enacted the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 et seq. (West 2004); see Pub. Act 84-1462, §2, eff. July 1, 1987), which substantially reorganized and modified the law as it then existed.  In this case we consider the effect of the Foreclosure Law on the rights and obligations of a junior mortgagee following a foreclosure by the senior mortgagee and the subsequent judicial sale of the mortgaged premises.

Facts

On April 14, 1997, defendants Darren and Sheryle Long executed a note to Tiskilwa State Bank in the amount of $49,000 secured by a mortgage on property located in Henry, Illinois (the subject property). The mortgage was assigned by Tiskilwa State Bank to UnionBank. The Longs entered into a second mortgage to secure a $25,000 note on the subject property with Rosslare Funding, Inc., on February 4, 1998. That mortgage was assigned to Empire Funding Corp. on February 9, 1998, which then assigned it to Nationwide Mortgage Plan and Trust in April of 2001. Nationwide later assigned its interest to plaintiff React Financial on December 19, 2001.

In the meantime, the Longs defaulted on their payments on the first mortgage and UnionBank began foreclosure proceedings on March 14, 2001. UnionBank's foreclosure complaint did not name any junior mortgagee as a party. UnionBank foreclosed its mortgage on May 20, 2002, and it purchased the subject property at the judicial sale on July 10, 2002, for $65,290. After obtaining title to the property, UnionBank sold it to defendant Louis Olivero, who recorded the deed on July 24, 2003.

On January 13, 2003, UnionBank filed a complaint for declaratory judgment against Nationwide Mortgage seeking a determination that the junior mortgage had been foreclosed and was no longer valid. Nationwide moved to dismiss the complaint on the basis that it had not been a party to the foreclosure proceedings. The trial court dismissed the complaint on November 12, 2003.

The Longs subsequently defaulted on their payments on the second mortgage, held by Nationwide, and it filed a complaint for foreclosure on March 1, 2004. React was substituted as plaintiff on August 24, 2004, after it was assigned the mortgage by Nationwide. Defendant Olivero filed a motion to dismiss the complaint and a "petition for order of redemption" in which he claimed that React was required to redeem the first mortgage prior to foreclosing the second mortgage. After oral arguments, the trial court ruled that, under Baldi v. Chicago Title & Trust Co., 133 Ill. App. 3d 29, 446 N.E.2d 1205 (1983), React was required to redeem the UnionBank mortgage prior to foreclosing its mortgage. On appeal, plaintiff contends that: (1) it is not required to redeem prior to foreclosing its mortgage; and (2) that the doctrines of res judicata and collateral estoppel barred defendant Olivero from relitigating the validity of its mortgage.

Analysis

Standard of Review

Defendant Olivero's motion to dismiss was brought pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)), which provides for summary disposition of issues of law or of easily proved issues of fact (Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 619 N.E.2d 732 (1993)). On appeal, we review such dismissals de novo. Hodge, 156 Ill. 2d 112, 619 N.E.2d 732.

The Right to Redeem - Statutory and Equitable Redemption

The term "redemption" generally refers to a process in which the mortgagor, or one claiming through him, reacquires or buys back the title which may have passed under the mortgage, or frees the mortgaged premises of the lien created by the mortgage. 27A Illinois Law & Practice (ILP) Mortgages §361 (2003). Illinois law

3

provides for both statutory and equitable rights of redemption. Colon v. Option One Mortgage Corp., 319 F.3d 912 (7th Cir. 2003). The duration of the statutory right of redemption for residential real estate is seven months from service of the foreclosure complaint or three months from the entry of a judgment of foreclosure. 735 ILCS 5/15-603(b)(1) (West 2004). The equitable right of redemption, also referred to as the "equity of redemption," is inherent in every mortgage; it arises at the time of default and generally lasts until a foreclosure sale occurs. First Illinois National Bank v. Hans, 143 Ill. App. 3d 1033, 493 N.E.2d 1171 (1986).

Prior to the enactment of the Foreclosure Law, it was clear that a junior mortgagee who was not a party to a foreclosure suit, or who had not been properly served, had a general equitable right to redeem which was distinct from any statutory right and was not subject to statutory restrictions. Annotation, Right of junior lienor in respect of redemption as affected by failure to make him a party to suit to foreclose senior mortgage or properly to serve him with process in such suit, 134 A.L.R. 1490 (1941); 27A ILP Mortgages §368; see Rose v. Walk, 149 Ill. 60, 36 N.E. 555 (1894); see also Callner v. Greenberg, 376 Ill. 212, 33 N.E.2d 437 (1941). One of the chief differences between a junior mortgagee's statutory right to redeem and the equitable right of redemption available to a mortgagee not made a party to the foreclosure suit was the amount paid to redeem. Statutory redemption generally required payment of the amount paid for the property at the foreclosure sale, while one redeeming in equity had to fully pay the indebtedness secured by the senior mortgage, plus interest. Annotation, 134 A.L.R. 1490; see Rodman v. Quick, 211 Ill. 546, 71 N.E. 1087 (1904). Upon redemption of the senior mortgage, the junior mortgagee could foreclose its

4

mortgage. See Harper v. Sallee, 376 Ill. 540, 34 N.E.2d 860 (1941); Rose, 149 Ill. 60, 36 N.E. 555.

Baldi v. Chicago Title, 113 Ill. App. 3d 29, 446 N.E.2d 1205, on which the trial court relied, was simply an application of these well-settled rules to a case which occurred prior to the enactment of the Foreclosure Law. Our task is to determine what impact the Foreclosure Law has had on the right of redemption.

Right to Redeem under the Foreclosure Law

First, we note that a junior mortgagee such as React has no statutory right to redeem, except as an objector to a foreclosure by consent. Section 15-1603 of the Foreclosure Law states that except as provided in section 15-1402(b), which deals with consent foreclosures, "only an owner of redemption may redeem from the foreclosure" and "only during the redemption period." (Emphasis added.) 735 ILCS 15-603(a) (West 2004). An "owner of redemption" is defined as "a mortgagor, or other owner or co-owner of the mortgaged real estate." 735 ILCS 5/15-1212 (West 2004). Thus, since React is not a mortgagor or other owner of the subject property, it is generally excluded from redeeming the property under the Foreclosure Law. In contrast, under prior law, "[a]ny defendant *** or any person interested in the premises *** may *** within six months from the sale, redeem the real estate." Ill. Rev. Stat. 1985, ch. 110, par.12-122.

Lacking any general statutory right to redeem, the next question is whether a junior mortgagee such as React has an equitable right of redemption, as it did prior to the enactment of the Foreclosure Law, where it has not been made a party to the foreclosure proceedings. An examination of the statute indicates that the continued

5

existence of the equitable right of redemption was expressly contemplated by the legislature. Section 15-1605 of the Foreclosure Law provides:

> "Equitable Right of Redemption. No equitable right of redemption shall exist or be enforceable under or with respect to a mortgage after a judicial sale of the mortgaged real estate pursuant to Section 15-1507 or after entry of a judgment of foreclosure pursuant to Sections 15-1402 [consent foreclosure] or 15-1403 [common law strict foreclosure]." 735 ILCS 5/15-1605 (West 2004).

This provision establishes that the Foreclosure Law did not eliminate the equitable right of redemption. It did, however, strictly limit the time period during which equitable redemption could occur. See Margaretten & Co. v. Martinez, 193 Ill. App. 3d 223, 550 N.E.2d 8 (1990) (section 15-1605 prohibits trial court from using equitable powers to extend redemption period). In this case that period expired after the judicial sale on July 10, 2002, long before the filing of React's foreclosure complaint in March of 2004.

It is clear, then, that React has neither a statutory nor an equitable right of redemption. The critical issue, however, is what consequences attach to React's inability to redeem. One possibility would be to find that, lacking a right of redemption, React also has no right to foreclose. "The right to foreclose and the right to redeem are reciprocal, and when one is barred, the other is barred." Fitch v. Miller, 200 Ill. 170, 183, 65 N.E. 650, 655 (1902); see 27A ILP Mortgages §361.

6

The other possibility is to find that React has the right to foreclose without redeeming the senior mortgage. Several provisions of the Foreclosure Law compel us to find that this is the proper conclusion.

First, section 15-1501 provides that the only necessary defendants in a foreclosure action are the mortgagor and other persons who owe payment of the indebtedness. 735 ILCS 5/15-1501(a) (West 2004). Other persons, such as other mortgagees or claimants, may be joined, although they are not necessary parties. 5/15-1501(b)(10). Any disposition of the mortgaged real estate "shall be subject to (i) the interests of all of the persons not made a party or (ii) interests in the mortgaged real estate not otherwise barred or terminated in the foreclosure." 5/15-1501(a). Second, any person claiming an interest in the real estate may intervene and become a party at any time prior to foreclosure. (Emphasis added.) 5/15-1501(e). The Foreclosure Law specifically provides in its general provisions that the word "may" "means permissive and not mandatory." 5/15-1105(a).

These provision make it clear that a junior mortgagee such as React is not a necessary party to a foreclosure action by the senior mortgagee, but it may intervene if it so chooses. If it does become a party its interests are terminated by the proceedings (5/15-1501(e)(4)), but a non-party's interest is not affected (5/15-1501(a)).

Third, and most significantly, subparagraph (f) of section 15-1501 provides:

"(f) Separate Actions. Any mortgagee or claimant, other than the mortgagee who commences a foreclosure, whose interest in the mortgaged real estate is recorded prior to the filing of a notice of foreclosure in accordance with this Article but who is not made a party to

such foreclosure, shall not be barred from filing a separate foreclosure (i) as an intervening defendant or counterclaimant in accordance with subsections (d) and (e) of Section 15-1501 if a judgment of foreclosure has not been entered in the original foreclosure or (ii) in a new foreclosure subsequent to the entry of a judgment of foreclosure in the original foreclosure." 735 ILCS 5/15-1501(f) (West 2004).

This subsection is dispositive, we think, of the question concerning React's ability to foreclose its junior mortgage despite its inability to redeem. It unambiguously gives a non-party mortgagee the right to file a separate foreclosure action after the first foreclosure judgment has been entered. That right is not conditioned on the junior mortgagee's redemption of the senior mortgage, nor could it be, because as we have explained, the junior mortgagee has no right to redeem. It is evident, therefore, that the Foreclosure Law has superceded the prior rule which made foreclosure by the junior mortgagee dependent on redemption. Accordingly, the trial court improperly denied plaintiff's complaint for foreclosure and we remand for further proceedings. In light of our decision, we need not consider plaintiff's alternative arguments concerning res judicata and estoppel.

As a final matter, we note that defendant Olivero relies on this court's decision in Orloff v. Petak, 224 Ill. App. 3d 638, 587 N.E.2d 37 (1992), to support his claim that "Baldi has never been repealed." Baldi was simply applying the law as it then existed. Orloff cited Baldi in holding that a junior mortgagee was required to equitably redeem the senior mortgage before foreclosing. Orloff did not cite the Foreclosure Law, and it is unclear if it was applicable in that case. Section 15-1106(f) states that a foreclosure

8

complaint filed before July 1, 1987, "and all proceedings and third party actions in connection therewith" are to be adjudicated under the law existing prior to that date. 735 ILCS 5/15-1106(f) (West 2004). The foreclosure complaint filed by the junior mortgagee in Orloff was in September of 1989, but it is not clear when the foreclosure of the senior mortgage was filed. If it was prior to July 1, 1987, then foreclosure of the junior mortgage might have been governed by pre-Foreclosure Law legal principles as a proceeding or third party action "in connection" with that foreclosure action. In any event, the requirement that a junior mortgagee must redeem the senior mortgage prior to foreclosing has, as we have stated above, been superceded by the Foreclosure Law, and Baldi and Orloff are therefore inapposite.

For the reasons stated above, the judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

SCHMIDT, P.J., and McDADE, J., concur.