In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2415

U.S. BANK NATIONAL ASSOCIATION,

*Plaintiff-Appellee,*

*v.*

CHERYLE A. COLLINS-FULLER T. and
HEYWOOD FULLER T.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 5057 — **Marvin E. Aspen**, *Judge.*

SUBMITTED JUNE 15, 2016[*] — DECIDED JULY 26, 2016

Before WOOD, *Chief Judge*, and POSNER and FLAUM, *Circuit Judges*.

WOOD, *Chief Judge*. In June 2012, U.S. Bank National Association, which has its main office in Ohio, filed this

---

 * After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

diversity suit asking for a foreclosure judgment on the
mortgage of a residential property owned by defendants
Heywood Fuller T. and Cheryle Collins-Fuller T., both
citizens of Illinois (to whom we refer as the Fullers, since we
are not sure what "T" stands for). See 28 U.S.C. § 1332(a)(1).
U.S. Bank also named as a defendant KeyBank National
Association, which held a junior mortgage on the property.
After KeyBank was discovered also to be a citizen of Ohio, the
district court granted U.S. Bank's motion voluntarily to
dismiss the case without prejudice because diversity was
lacking. See FED. R. CIV. P. 41(a)(2). The court also dismissed
certain claims that the Fullers had asserted against Litton
Loan Servicing, LLP, a nonparty, in their answer, because it
had not been served with the third-party complaint. The
Fullers challenge the dismissal of both U.S. Bank's complaint
and the claims they brought against Litton Loan. Because they
cannot overcome the fundamental defects the district court
identified, however, we affirm.

**I**

In 2005 the Fullers signed a promissory note for $232,000
with Fremont Investment & Loan in order to purchase a home
in Naperville, Illinois. Around the same time, they executed a
mortgage on the property, naming Mortgage Electronic
Registration Systems, Inc. (MERS) as the mortgagee. By 2011,
they had stopped making payments on their loan, and so
MERS assigned the primary mortgage to U.S. Bank. MERS
remained Fremont's nominee for a junior mortgage Fremont
held in the amount of $58,000.

In June 2012, U.S. Bank sued the Fullers in the district
court for the Northern District of Illinois for a judgment
ordering foreclosure of the mortgage, sale of the house, and

related relief under Illinois law. U.S. Bank also named as a defendant KeyBank National Association, which the couple had designated as the mortgagee when they executed a junior mortgage on the property in 2005 securing a loan for $34,533. The complaint asserted that the district court's subject-matter jurisdiction was based on diversity. See 28 U.S.C. § 1332(a)(1).

The Fullers answered the complaint in June 2013 and asserted, among other things, self-styled "counterclaims" (actually a third-party complaint) against their loan servicer, nonparty Litton Loan Servicing, LLP. Litton Loan, the Fullers charged, had violated the Federal Home Ownership Equity Protection Act ("HOEPA"), Pub. L. No. 103-325, 108 Stat. 2160 (1994), by fraudulently claiming that they were not making their mortgage payments, causing them to default on the mortgage. The Fullers never served Litton Loan with the third-party complaint, however, and so it never entered an appearance or otherwise participated in the suit.

After further proceedings, U.S. Bank moved to dismiss the suit voluntarily because it had discovered that KeyBank was a citizen of Ohio. Since U.S. Bank is also a citizen of Ohio, KeyBank's presence as a defendant destroyed the complete diversity that is necessary for jurisdiction under section 1332(a)(1).

In March 2015, the district court granted U.S. Bank's motion and dismissed the complaint without prejudice to refiling in state court. The Fullers argued that KeyBank was not a required party, as Federal Rule of Civil Procedure 19(a) uses the term, and should be dismissed (thus preserving diversity jurisdiction). Because of KeyBank's status as a junior lienholder, the court regarded it as a party that had to be joined if feasible. See *id.* Because KeyBank would destroy

complete diversity, however, the court concluded that joinder was not possible. The court decided that the suit could not proceed in equity and good conscience without KeyBank as a party. See FED. R. CIV. P. 19(b). The court declined to treat the Fullers' claims against Litton Loan as "counterclaims" because counterclaims may be brought only against an existing party, see FED. R. CIV. P. 13(a), (b), and the Fullers had raised their claims against only Litton Loan, a nonparty. To the extent that the Fullers intended to bring third-party claims against Litton Loan under Federal Rule of Civil Procedure 14(a), the court invited them to explain why their failure to serve Litton Loan with their complaint within the requisite 120 days from the filing of the complaint was supported by good cause. See FED. R. CIV. P. 4(m).

The Fullers responded that health problems, coupled with bad advice from their former counsel, constituted good cause for their failure timely to serve their complaint. The district court was not persuaded and terminated the action. The district court also rejected the Fullers' attempt to refile the third-party complaint and serve it on Litton Loan.

The Fullers moved for reconsideration of the court's judgment dismissing their third-party complaint. They took the position that the district court, in dismissing their complaint, had failed to consider the likelihood that the statute of limitations had run on their claims against Litton Loan. The district court denied the motion, explaining that regardless of whether it was construed under Federal Rule of Civil Procedure 59 or 60, the Fullers had not pointed to any change in the law or new facts that would warrant reconsideration, nor had they offered any other compelling reason to alter the judgment.

**II**

A

On appeal the Fullers mount a two-part challenge to the district court's decision to grant U.S. Bank's motion for voluntary dismissal based on lack of subject-matter jurisdiction. First, they argue that these proceedings involved violations of federal regulations and statutes—the HOEPA regulations, 12 C.F.R. §§ 1024, 1026, and the Dodd-Frank Act of 2010, Pub. L. No. 111–203, 124 Stat. 1376–2223—over which the district court had federal-question jurisdiction. But as the district court recognized, these federal theories cannot provide a basis for federal-question jurisdiction because they were raised by the defendants and do not appear on the face of the plaintiff's well-pleaded complaint. See *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *City of Chicago v. Comcast Cable Holdings, LLC*, 384 F.3d 901, 904 (7th Cir. 2004). U.S. Bank premised its claims only on Illinois state law.

Second, the Fullers challenge the district court's refusal to dismiss KeyBank from the litigation. As the court explained, however, KeyBank was a required party to U.S. Bank's lawsuit: without KeyBank's presence, the court could not "accord complete relief" to U.S. Bank. FED. R. CIV. P. 19(a)(1)(A); see *Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004); *N.D. ex rel. parents acting as guardians ad litem v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1109 (9th Cir. 2010); *Hooper v. Wolfe*, 396 F.3d 744, 747–48 (6th Cir. 2005). Under Illinois law it is possible for a senior lienholder (here, U.S. Bank) to foreclose on its secured property without joining a junior lienholder (KeyBank). See 735 ILCS 5/15-1501(a); *React Fin. v. Long*, 852 N.E.2d 277, 281–82 (Ill. Ct. App. 2006). Nevertheless, a junior lienholder's

interest in the property is not extinguished unless it is made a party to the foreclosure action. See 735 ILCS 5/15-1501(a); *ABN AMRO Mortg. Grp., Inc. v. McGahan*, 931 N.E.2d 1190, 1197 (Ill. 2010); *React Fin.*, 852 N.E.2d at 281. Because KeyBank's presence was required before the litigation could completely extinguish all liens on the property, yet joining it was not feasible (because its presence destroyed diversity), the district court reasonably concluded that "in equity and good conscience" it should dismiss the suit. FED. R. CIV. P. 19(b); see *Extra Equipamentos E Exportação Ltda.*, 361 F.3d at 361; *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1282 (10th Cir. 2012). Dismissal eliminated the prejudicial impact and inefficiency of forcing U.S. Bank to litigate its dispute over the same property in both federal and state court in order to obtain an adequate judgment. See FED. R. CIV. P. 19(b)(1), (3).

B

The defendants next assert that the district court wrongly dismissed their third-party complaint against Litton Loan for failure to serve it in a timely fashion. The court had an obligation to exercise its discretion to extend the deadline for service, they contend, because Litton Loan knew about the third-party complaint. In fact, the Fullers say that Litton Loan should have been aware of their claims against it because one year before this suit began it had been acquired by Ocwen Financial, the loan servicer for their U.S. Bank mortgage.

The Fullers came close to waiving this argument by not raising it specifically before the district court. See *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 918 (7th Cir. 2013). In any event, we cannot say that the court acted impermissibly by declining to provide an extension of time, see *Coleman v.*

*Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 933–34 (7th Cir. 2002). Whether Litton Loan had actual notice of the claims against it through its parent company is only one factor the district court may consider when deciding whether to extend the time for service. See *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011). The court was free to determine, as it did, that the Fullers' failure over two years to pursue their claims against Litton Loan diligently—or really to pursue them at all—ruled out the necessary extension.

AFFIRMED.