**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided August 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3329

| | |
|---|---|
| THOMAS E. SLOTTKE, SR., <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CV-1392-PP |
| WISCONSIN DEPARTMENT OF <br> WORKFORCE DEVELOPMENT, et al., <br>     *Defendants-Appellees*. | Pamela Pepper, <br> *Judge.* |

**O R D E R**

Thomas Slottke, a citizen of Wisconsin, appeals the dismissal of his suit for lack of federal jurisdiction. He had sued the owner of the company that formerly employed him, the former employer's insurer, and the State of Wisconsin's Department of Workforce Development for their actions in regard to his applications for worker's compensation and federal disability benefits. Slottke contends on appeal that federal-question and diversity jurisdiction both exist. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Slottke's complaint identifies misdeeds that, he believes, occurred in connection with administrative proceedings on his state and federal benefits applications. According to the complaint, the owner of the company, Thomas Harrington, and his company's insurer, the Fireman's Fund Insurance Company, engaged in defamation, fraud, blackmail, theft, intimidation, and harassment. Slottke further alleged that the Wisconsin Department of Workforce Development, which handled his worker's compensation claim, failed to intervene when these wrongs occurred and violated his right to a fair hearing guaranteed under the Department's guidelines. He asserted that he was suing "under state law," and he sought an order requiring the Department to pay a $60 million "fine" and to fine the other two defendants millions of dollars.

The district court, on its own, dismissed the suit for want of subject-matter jurisdiction. The court concluded that there was not "complete diversity" among the parties, and thus no diversity jurisdiction under 28 U.S.C. § 1332, because the Department is an agency of the State of Wisconsin, and because Slottke and Harrington were both "residents" of Wisconsin. The court then considered whether any of Slottke's allegations could liberally be construed as raising a claim under federal law, see 28 U.SC. § 1331, but concluded that he asserted causes of action under state law only.

On appeal Slottke points to two federal statutes that he believes Harrington and the Fireman's Fund violated. He asserts, first, that his defamation claim arises under 28 U.S.C. § 4101, but this statute deals solely with the enforceability of a foreign judgment. Indeed, there is no federal claim for simple defamation by a private actor. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). He also cites 18 U.S.C. § 249, but this statute prescribes the penalties that may be sought by government prosecutors for "hate crimes."

Slottke generally challenges the dismissal of his claims against the Department and asserts that "Federal laws were broken." Although Slottke alleged that the Department failed to protect him from the misdeeds of the other defendants, a public entity has no constitutional duty to prevent an injury from private actors, see *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)). Further, Slottke's allegation that the Department violated his right to a fair hearing under the Department's guidelines cannot be construed as a due-process claim under the Fourteenth Amendment, because a violation of state law is not itself a Constitutional injury, *Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004).

Slottke also argues generally that his complaint "meets" the requirements for diversity jurisdiction. The district judge concluded that diversity jurisdiction was destroyed because the Department is an agency of the State, which is not a citizen for purposes of the diversity statute, see *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973); *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir. 1982); *Pub. Sch. Ret. Sys. of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011), and because Slottke alleged that both he and Harrington reside in Wisconsin. But a person's residence may differ from his or her citizenship (domicile), and it is diverse citizenship that the diversity statute requires, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Hunter v. Amin*, 583 F.3d 486, 491–92 (7th Cir. 2009).

Nonetheless, Slottke failed to plead the citizenship of Harrington and the Fireman's Fund, and "[w]hen the parties [in a diversity suit] allege residence but not citizenship, the court must dismiss" the complaint. *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); see *also Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Slottke asserts in his reply brief that one of the defendants—the Fireman's Fund—is not a citizen of Wisconsin because its headquarters are in California. But even if the Fireman's Fund were diverse from Slottke, diversity jurisdiction requires complete diversity, meaning that no defendant may be a citizen of the same state as the plaintiff, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Gustafson v. zumBrunnen*, 546 F.3d 398, 400–01 (7th Cir. 2008), and Slottke's failure to plead Harrington's citizenship means that we are unable to determine whether there is complete diversity between him and all of the defendants. See *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Relatedly, Slottke asks us to "[b]y-pass the question of complete diversity," a request that can be understood as a motion for this court to use its authority to preserve federal jurisdiction by dismissing dispensable, nondiverse parties. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989); *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). But even assuming again that the Fireman's Fund and Slottke are diverse, dismissal of the nondiverse parties—the Department and Harrington—would be proper only if, in their absence, a federal court could nonetheless award the plaintiff the complete relief he seeks. *U.S. Bank Nat'l Ass'n v. Collins-Fuller T.*, 831 F.3d 407, 410 (7th Cir. 2016). Here, without the nondiverse parties, a court would be unable to accord Slottke total relief because he seeks an order enjoining the Department to fine the other two defendants.

We normally permit the parties an opportunity under 28 U.S.C. § 1653 to amend the jurisdictional allegations, see *e.g.*, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677 (7th Cir. 2006), but we opt against that course here. The defects in Slottke's jurisdictional allegations are incurable. Even if there were diversity between Slottke and two of the defendants, there is a necessary party, the Department, which is not a citizen under the diversity statute.

As a final matter, we point out that the parties have violated Circuit Rule 28 by submitting appellate briefs that fail to disclose the citizenship of each party to this appeal. Slottke's omission violated Circuit Rule 28(a)(1), which requires the disclosure of citizenship "if jurisdiction depends on diversity of citizenship." And the counseled appellees' omissions violated Circuit Rule 28(b), which requires them to file a complete jurisdictional summary if the appellant has failed to do so. Noncompliance by the corporate appellee, the Fireman's Fund, is less understandable than the violation by Slottke, who is pro se. Indeed, we notified the Fireman's Fund that its response brief did not comply with Circuit Rule 28(b) and ordered an amended jurisdictional statement. In its amended statement, however, the Fireman's Fund still failed to identify its citizenship, and that omission needlessly required us to make assumptions about its citizenship. We remind the parties, and other attorneys practicing in this court, that we rely on them to provide accurate jurisdictional information when we must decide whether subject-matter jurisdiction exists. *Baez-Sanchez v. Sessions*, 862 F.3d 638, 639 (7th Cir. 2017) (Wood, C.J., in chambers).

When a counseled party violates Circuit Rule 28(b), we typically order that party to show cause why sanctions are unwarranted. See *e.g.*, *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616 (7th Cir. 2002). We decline to do so here because we expect that this violation will not happen again, having emphasized that Circuit Rule 28(a)(1) requires the disclosure of citizenship even in a case dismissed for lack of diversity jurisdiction.

All pending motions are DENIED. The judgment of the district court is

AFFIRMED.