In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-2346

CAMICO MUTUAL INSURANCE COMPANY,

*Plaintiff,*

*v.*

CITIZENS BANK,

*Defendant-Appellant,*

*v.*

NAVARRO, ELISCO & O'CONNELL,
TERRANCE NAVARRO and LAURENCE ELISCO,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 7270—**Suzanne B. Conlon**, *Judge.*

———————

ARGUED DECEMBER 8, 2006—DECIDED FEBRUARY 2, 2007

———————

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* In this accounting malpractice action, Citizens Bank entered into a tolling agreement with Navarro, Elisco & O'Connell, Terrance Navarro, and Laurence Elisco (collectively, "the accounting firm") that provided, in part, that all statute of limitations defenses and other defenses were tolled from the effective date of the agreement, May 1, 2003, through the date of the

termination of the agreement, December 31, 2005. On January 17, 2006, Citizens Bank filed an accounting malpractice cross-claim against the accounting firm. The accounting firm moved for summary judgment against Citizens Bank, arguing that the cross-claim was barred by the applicable two-year statute of limitations, which the parties agree began to run in April 2003. The district court granted the accounting firm's motion. Citizens Bank now appeals the entry of summary judgment in favor of the accounting firm. We affirm.

## I. Background

The accounting firm performed an audit of KMS Energy International, Inc.'s ("KMS") 2000 and 2001 financial statements. At that time, the accounting firm was insured under a professional liability policy by Camico Mutual Insurance Company ("Camico"). KMS applied to Citizens Bank for a loan, submitting its 2000 audited financial statements and a draft of the 2001 audited financial statements with its financial records. Citizens Bank agreed to extend the loan to KMS in May 2002. On October 15, 2002, Citizens Bank received notice from another bank that it had observed suspicious activity in KMS's accounts. Citizens Bank investigated the activity and subsequently declared the KMS loan in default and foreclosed on all collateral.

On April 30, 2003, which the parties agree is the date on which the statute of limitations began to run, Citizens Bank informed the accounting firm of its belief that the accounting firm was negligent in its preparation of KMS's financial statements. Thereafter, the accounting firm notified Camico of Citizen Bank's potential claim for professional negligence, and Citizens Bank and the accounting firm entered into the tolling agreement. After unsuccessful settlement negotiations, Camico filed a

declaratory judgment action in the district court against the accounting firm and Citizens Bank on December 29, 2005, seeking a resolution of disputed terms of the insurance policy. On January 17, 2006, Citizens Bank filed its cross-claim for professional negligence against the accounting firm.

Citizens Bank and Camico filed motions for summary judgment as to the disputed terms of the Camico policy on January 27, 2006 and March 7, 2006, respectively. On February 28, 2006, the accounting firm moved for summary judgment on Citizen Bank's cross-claim, arguing that the claims were barred by the statute of limitations. The district court granted the accounting firm's motion on April 12, 2006, holding that the language of the tolling agreement was unambiguous and that the agreement removed the accounting firm's right to assert specific defenses, including the statute of limitations defenses, while the agreement was effective. The district court rejected Citizen Bank's contention that the statute of limitations stopped running while the tolling agreement was in effect, explaining that the plain language of the agreement precluded that argument. Having found that Citizen Bank's cross-claim was untimely, the district court granted the accounting firm's motion for summary judgment. The district court further determined that the insurance company faced no liability and found that the complaint for declaratory judgment and the cross-motions for summary judgment on the declaratory judgment action were moot. On May 10, 2006, Citizens Bank filed a timely appeal from the entry of summary judgment in favor of the accounting firm.

## II. Discussion

We review the district court's grant of summary judgment *de novo*. *Durkin v. Equifax Check Services, Inc.*, 406

F.3d 410, 414 (7th Cir. 2005). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## A. Jurisdiction

Before turning to the merits of the appeal, we note that we have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. While neither party raised the matter of jurisdiction, we have an independent obligation to ensure that jurisdiction exists. *St. Paul Mercury & Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 514 (7th Cir. 2006).

The amended complaint alleged that the amount in controversy exceeded $75,000. The amended complaint further alleged that Camico is a California corporation with its principal place of business in California and that Citizens Bank is a Michigan corporation with its principal place of business in Michigan. The amended complaint also alleged that accounting firm is an Illinois limited liability company ("LLC"). For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). We were unable to determine based on the pleadings whether the parties are completely diverse, however, because the amended complaint only alleged the residence of two of the accounting firm's members without stating the citizenship of each of the accounting firm's members at the time this action commenced. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."); *Meyerson v. Harrah's East Chicago*

*Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."). After responding to our requests for clarification, the parties have resolved our concerns. Each of the accounting firm's members was a citizen of Illinois at the time this action was filed. Accordingly, there is complete diversity among the parties, and we have jurisdiction to resolve the appeal.

## B.  The Tolling Agreement

Turning to the substance of this appeal, Citizens Bank argues that the district court erred in granting the accounting firm's motion for summary judgment on the basis of its finding that the cross-claim was untimely. Citizens Bank contends that the unambiguous language of the tolling agreement established that while the tolling agreement was in effect, the running of the limitations period was tolled. As a result, Citizens Bank argues, the district court should have treated the day after the tolling agreement expired, January 1, 2006, as though it were the day after the effective date of the tolling agreement, May 2, 2003, which would result in a timely-filed cross-claim. Under Illinois law, which the parties agree governs, contracts are interpreted according to the "four corners" rule: "[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined by the language used. It is not to be changed by extrinsic evidence." *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 878 (7th Cir. 2005) (citations and internal quotations omitted). In applying this rule, we first look to the language of the contract alone. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill.2d 457, 462, 706 N.E.2d 882, 884 (Ill. 1999) (*citing Rakowski v. Lucente*, 104 Ill.2d 317, 323, 472 N.E.2d 791, 794 (Ill.

1984)). If the language of the contract is clear and unambiguous, we interpret the contract without the use of parol evidence, *id.,* and contract terms are interpreted according to their plain meaning unless otherwise defined. *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 687 (7th Cir. 2004) (*citing Trade Center v. Dominick's Finer Foods*, 304 Ill. App. 3d 931, 934, 711 N.E.2d 333, 335 (Ill. App. Ct. 1999)). An ambiguity exists, however, if the contract's language is susceptible to more than one interpretation. *Air Safety, Inc.*, 185 Ill.2d at 462-63, 706 N.E.2d at 884. Only then is parol evidence admissible to explain and determine the intent of the parties. *Id.*

As the district court correctly determined, the terms of the tolling agreement are unambiguous. The relevant portion of the tolling agreement states:

> The Parties agree that all statute of limitations defenses and other defenses relating to the time that claims are asserted are tolled from the Effective Date through the date of termination of this Tolling Agreement. Nothing contained herein will be deemed to renew, revive, resurrect or reinstate any claim that, on the Effective Date, was already time barred.

Both parties agree that "toll" means to suspend or stop temporarily; they disagree, however, as to what the agreement tolled. Citizens Bank asserts that the statute of limitations was tolled by the agreement, while the accounting firm argues that only the statute of limitations *defenses* and other *defenses* were tolled. The clear, unequivocal language of the tolling agreement resolves this dispute: only the statute of limitations defenses and other defenses were tolled. To find to the contrary would require us to either eliminate the parties' specific use of "defenses" within the agreement or otherwise augment the unambiguous agreement by including a provision that specifically tolls the running of the statute of limitations, neither of which we are permitted to do.

Citizens Bank argues, however, that this interpretation of the tolling agreement produces an absurd result that is contrary to our obligation to construe contract terms as is "fair, customary, and such as prudent persons would naturally execute." *Utility Audit, Inc.*, 383 F.3d at 687 (*citing Foxfield Realty, Inc. v. Kubala*, 287 Ill. App. 3d 519, 524, 678 N.E.2d 1060, 1063 (Ill. App. Ct. 1997)). Citizen Bank contends that the parties had no need to enter into the tolling agreement to toll the statute of limitations defenses because as of the effective date of the tolling agreement, the statute of limitations had just begun to run. Because the accounting firm would not be able to raise the statute of limitations as a defense for nearly two years, Citizens Banks posits that the more reasonable interpretation is that the parties agreed to toll the statute of limitations. As recognized by the district court, however, the tolling agreement provided Citizens Bank with an eight-month extension from the statutory expiration of the statute of limitations. Since Citizens Bank received a benefit by entering into the tolling agreement, our interpretation of the tolling agreement does not produce an absurd or irrational result.

Additionally, our interpretation of the tolling agreement is consistent with its recitals. These recitals state the desire of the parties to "postpone or forego the costs and expenses of litigation while determining whether the claims can be resolved without litigation[,]" as well as Citizen Bank's desire to avoid the assertion of defenses associated with delay in commencing litigation, whether by way of statute of limitations, laches, estoppel, or other defenses. The tolling agreement prevented the accounting firm from asserting such defenses until the expiration of the agreement. That the parties were ultimately unsuccessful in their negotiations did not eliminate the benefit of the eight additional months that Citizens Bank received to file its claim.

Citizens Bank also invites us to consider the April 30, 2003 letter sent by counsel for Citizens Bank to the accounting firm to assist us in our interpretation of the tolling agreement and the parties' intent. We decline this invitation, however, because the language of the tolling agreement is subject to only one interpretation, and we cannot add to or vary the terms of this unambiguous agreement by reference to such extrinsic evidence. *See Davis*, 396 F.3d at 878 (*citing Sunstream Jet Express, Inc. v. Int'l Air Serv. Co., Ltd.*, 734 F.2d 1258, 1265 (7th Cir. 1984)).

We agree with the district court's conclusion that the unambiguous language of the tolling agreement tolled only the statute of limitations defenses and other defenses. Because Citizens Bank failed to timely file its cross-claim against the accounting firm, summary judgment against Citizens Bank on its cross-claim was appropriate.

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*