NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 16, 2009[*]
Decided September 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3181

| | |
|---|---|
| SEAN KELLEGHAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 3435 |
| RICHARD UNDERWOOD, | |
| *Defendant-Appellee.* | Ruben Castillo, |
| | *Judge.* |

### O R D E R

Sean Kelleghan appeals the district court's dismissal of his claim that Richard Underwood breached an oral agreement to pay for certain story-line ideas that he proposed to market and sell to a movie studio.  We affirm.

---

[*]The district court dismissed the complaint in this case under 28 U.S.C. § 1915(e)(2) before service of process, and so the named defendant was neither served in the district court nor is participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the appellant's brief and the record.  *See* FED. R. APP. P. 34(a)(2).

Kelleghan's complaint, filed in 2007, sketched only a vague outline of an agreement gone bad. The complaint alleged that Kelleghan, an Illinois resident, and Underwood, a California resident, agreed in 1996 that Underwood would develop, market, and sell Kelleghan's "abstract ideas" in exchange for $250,000. The complaint further alleged that Underwood was supposed to register Kelleghan's ideas with the Screen Writers Guild and retain an agent. Underwood allegedly failed to live up to his end of the bargain.

The district court dismissed the complaint without prejudice. The court's explanation was brief: "(1) Plaintiff failed to attach a copy of his alleged 1996 contract, (2) Plaintiff has failed to allege a timely action for breach of contract that is not barred by the statute of limitations, and (3) Plaintiff has failed to sufficiently allege jurisdiction and venue."

Kelleghan then amended his complaint to clarify that the contract was oral, that some of his interactions with Underwood occurred in Illinois, and that he did not discover the breach of contract until June 2004 and December 2006. (The late discovery of the breach, he explains in his appeals brief, coincided with the release of the of the blockbuster Hollywood movies "The Terminal" and "The Pursuit of Happyness"—both of which he says are based on his ideas.) The court dismissed the amended complaint "for the same reasons" as the earlier complaint. After a sequence in which the court recruited counsel to assist Kelleghan and then allowed counsel to withdraw, the court allowed Kelleghan to file a third complaint. The record does not reflect whether Kelleghan yet amended his complaint (the court had granted his motion to do so), but the court dismissed Kelleghan's amended complaint with prejudice, again for the same reasons the earlier complaint was dismissed.

On appeal, Kelleghan properly points to problems with the district court's orders. For instance, he should not have been expected to attach a copy of the contract because there was none—the contract was oral. Furthermore California's two-year statute of limitations for oral contracts, *see* CAL. CIV. PROC. CODE. § 339, may bar his claim of a breach in 2004 but presents no obstacle to his claim regarding the breach in 2006. The question of jurisdiction is more complicated: Kelleghan alleged only that he and Underwood reside in different states, though it is citizenship and not residency that is determinative. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). We are mindful that Kelleghan is proceeding pro se, and we note that our normal course of action is to remand so that the district court can ensure that jurisdiction is in fact secure. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 445 (7th Cir. 2009).

But a pragmatic course here is to affirm the dismissal on the basis that Kelleghan has failed to state a claim.  A sufficient claim must be "plausible" in that "it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).  Kelleghan's claim that Underwood failed to pay him for "abstract ideas," however, falls short.  The allegations are fatally vague because they fail to provide Underwood with meaningful guidance as to the substance of the contract.  Kelleghan now claims that his ideas formed the basis for two major motion pictures, but nothing in his allegations would have put Underwood on notice that those pictures were the basis of the breach of contract suit.

AFFIRMED.